By the Court. Bosworth, J.
If the evidence establishes the fact found by the referee, that Reed took the goods from *352 the store of Johnson, in the absence and without the knowledge or consent of the latter, the plaintiffs were entitled tq the goods, on demanding them. If they were so taken, the taking was a naked trespass. One who tortiously possesses himself of another’s goods, without a delivery from, or the consent, express or implied, of, the true owner, can vest no title in even .a bond fide purchaser. (Saltus v. Everett, 20 Wend. 267, 278-9; Hoffman et al. v. Carew, 22 Wend. 285; Angell on Carriers, § 360-369; Buskirk v. Parrington, 2 Hall, W. S. 561; Collman v. Collins, Id. 569; Robinson v. Baker, 5 Cush. 137.)
But when an owner delivers possession of chattels, intending at the same time to then part with his property in them, anyone bond fide purchasing them from the person to whom they were so delivered, will obtain a title valid as against the first owner, though he'may have been induced to sell and deliver them by fraud or false pretences, which would authorize him, to disaffirm the contract and reclaim them from the person to whom he had delivered them. (Mowry v. Walsh, 8 Cowen, 238; Parker v. Patrick, 5 J. R. 175; White v. Garden et al., 5 Law and Equ. R. 379; Stevenson v. Newman, 16 Law and Equ. R. 401-408; Rowley v. Bigelow, 12 Pick. 307; Hoffman et al. v. Noble et al., 6 Met. 68; Colton et al. v. Gage et. al., 13 Illinois R. 610, 614; McMahon v. Sloan, 2 Jones, 283; Kingsbury v. Smith, 9 N. H. R. 109; Carpenter v. Nixon, 5 Hill, 260; Ward v. The People, 3 Hill, 395.)
. Any one who in good faith advances money, or, in the ordinary course of business, incurs legal liabilities, on the faith of the fraudulent possessor being the true owner, and without any knowledge or notice to the contrary, is entitled to the protection which the law extends to a bond fide purchaser.
It seems that in case of a sale and delivery, even where the delivery is conditional, a bond fide purchaser, from the person to whom the delivery was made, will acquire a valid title.. (Covill v. Hill, 4 Denio, 323-330; Smith v. Lynes, 1 Seld. 41-48.)
If the sale was conditional, but the goods were delivered unconditionally, the title vested in Reed on the delivery, so' that he could clearly confer title on a purchaser in good faith.. .
*353 If Reed took the goods as a trespasser, the master to whom he delivered them would not be liable until they had been demanded of. him, and he had refused to allow the owner to take them. The mere receiving then on board of the vessel, when so delivered, would not be a trespass, nor amount to a conversion. (Ely v. Ehle, 3 Coms. 506.)
If the master, when he received the goods on board, had notice of the fraud, if any there was, of Reed, or notice of facts and circumstances which should have put him on inquiry, and which, on reasonable inquiry, ' would have enabled him to ascertain the truth, he cannot claim the protection which the law extends to a bond fide purchaser.
Hence, it is evident that, on the case as now presented, the' rights of the parties depend on the question, whether the. evidence justified the referee in finding that the goods were taken by Reed as a trespasser, without the knowledge or con- • sent of Johnson. If taken by delivery from, and with the knowledge and consent of, anyone authorized by Johnson to make the delivery, theh, in judgment of law, they were delivered by Johnson. The testimony is, that a sale had been contracted on the terms that Reed should pay on delivery. The goods were made up and boxed. They were boxed on the morning of the day they were taken away. They were marked that morning by Johnson. During his absence that day, his foreman, a part of whose duty it was to superintend the delivery of goods, made out an invoice and delivered that and the goods to Reed. So Johnson’s foreman told him. Johnson does not make the foreman say that Reed made any misstatement to obtain the delivery, or that the delivery was made on any condition, nor does he say that what his foreman stated was untrue. The delivery was on a Saturday. On the following Monday Johnson called at Reed’s place of business. He had not previously sent any bill of the goods to Reed, nor any request" to him to return the goods.
From this testimony it is quite evident that the goods were taken by delivery from the foreman of Johnson, whose business it'was to make delivery. The foreman had not been instructed not to deliver without actual payment. Whatever was" done by the foreman, within the general scope of his authority, and *354 with his knowledge and consent, was done, in judgment of law, by Johnson, and with his knowledge and consent. If the transaction between the foreman and Reed was no more than Johnson testifies his foreman to have said about it, and what the foreman said took place is all that occurred, then it does not appear that any condition was connected with the delivery, nor what occurred or was said in relation to payment.
It being found that the master received and stowed the goods in good faith, without any knowledge of the fraud practised on Johnson, the plaintiffs, in order to charge the defendant, should establish a clear j/rima fade case of continued property in Johnson, down to the time of the sale- to themselves. Presumptively it was in- their power to have shown what took place at the time of the delivery to Reed. As the delivery was under a contract of sale, we do not see how it can be found that it was upon a condition that would prevent the title passing, or with a clear intent that it should not pass, until payment was made, without proof other than that the goods were delivered, with an invoice of them-, to' Reed, at his request, by a person authorized to make a delivery of them.
When the- delivery is absolute, without any contemporaneous declaration qualifying it, the- &mis of proving the condition rests upon the vendor. If no such proof is given-, the,delivery will be deemed absolute, and the title to- the goods will pass to the vendee. (1 Selden, 45, 46.)
The judgment must be- reversed, the report set aside, and rule of reference vacated, and a new trial ordered with costs to abide the event.