Bosworth, Ch. J. (Dissenting.)
Assuming that it was prima facie established, that the advances made by Thorp for Tilt, to John S. Birch & Company, were usurious, and that the latter obtained the goods by fraud; and that before suit brought the defendants, Tilt, Thorp and Newman, were informed of the fraud, and were required to deliver the goods to the plaintiffs, but re *310 fused to do so; then it will follow that the plaintiffs were entitled to recover, unless they are precluded by the pleadings from availing themselves of the fact, that the advance was usurious.
A person from whom chattels have been obtained by fraud, may follow them into the hands of any one not being a bona jide purchaser for value; or not holding under the rights of such a purchaser; and after a demand of them and a refusal to deliver them, may sue such holder and recover their value, or maintain replevin in the detinet. (Ely v. Ehle, 3 Comst., 506; Caldwell v. Bartlett, 3 Duer, 341; Beavers v. Lane, 6 id., 232.)
The plaintiffs alleged in their complaint, that the goods were obtained from them by the fraud of John S. Birch & Company, and'so the jury found.
To make their complaint sufficient as a pleading, they alleged that Tilt and Thorp received the goods from John S. Birch & Company, with notice of the fraud, “ and without paying any consideration therefor.”
The latter allegation, however brief it may be, was sufficient to apprise the defendants, Tilt and Thorp, that one of the grounds on which the plaintiffs would seek to charge them was, that they were not bona jide holders for value paid. To hold that the words, “without paying any consideration therefor,” merely imports that they had not actually parted with value; and if they had, that no question was to be made whether in judgment of law it constituted any consideration which would protect them in their possession is rather technical, as it seems to me, than substantial.
Tilt and Thorp state in their answer, that the two sums of $1,000 and $2,800, were advanced on the security of the goods, and Thorp “ alleges that the said goods were received by him as the agent of said Tilt in good faith, and as a fair business transaction.”
Before the Code abolished a reply to an answer setting up new matter constituting a defense, the plaintiffs might have replied that these advances were made upon an agreement that Tilt should be paid one per cent per month on the sum so advanced.
Thus the issue would have been made, in terms, by the pleadings which, in this case, the Judge at the trial held, did not exist.
*311 . But by section 168, [144,] of the Code, as it now reads, “ the allegation of new matter in the answer, not relating to a counterclaim, * * is to be deemed controverted by the adverse party as upon a direct denial or avoidance as the case may require.”
It was new matter, that the money was advanced and the goods received “in good faith, and as a fair business transaction,” unless the allegations of the complaint import, that no part of such matter is true; and in either aspect it was open to the plaintiffs to prove, that the consideration which the defendants paid, the law does not recognize as a consideration; and that the transaction on which they rest their defense, as being a fair business transaction, was prohibited by law, and absolutely void.
In the admission of such evidence, the right to recover is not only not placed on any ground inconsistent with the case made by the complaint, but on the contrary is placed on the very ground taken in it; that the defendants, Tilt and Thorp, parted with nothing on the credit of the goods which the law regards as a consideration, or which can clothe them with the character of bona fide purchasers,
If the defendants deemed this allegation so uncertain, that the precise nature of the charge in this behalf was not apparent, their remedy was under section 160 of the Code.
But their answer indicates that they understood the pleader as questioning the fact of their having paid any legal or valid consideration ; and hence they state what the consideration was, and affirm that they acted in good faith, and that the transaction was a fair business transaction.
Under such circumstances, and having regard to the plaintiffs’ rights as the complaint stated them, and to the substance and good sense of the issues presented by the pleadings under that provision of the Code which controverts the allegations of new matter in an answer, as upon a direct avoidance of them, I think the Judge erred in holding that the plaintiffs were precluded from availing themselves of proof that the advances were usurious, and from insisting on such proof that Tilt was not a bona fide purchaser for value. (Seeley v. Engell, 3 Kern., 548; [II.;] The People v. Ryder, 2 Kern., 441, 442.)
It does not present the case of a variance between pleadings and proofs by which the objecting party has been misled to his *312 prejudice; nor of a failure of proof of the alleged cause of action in its entire scope and meaning; but a case in which evidence of a fact has been rejected, which fact, being established, shows that in judgment of law, Tilt paid no consideration, (as the complaint avers,) and also that the answer is untrue in its averment, that the advances were made in good faith and in a fair business transaction; averments, which, in common parlance, are equivalent to the allegation that Tilt was a bona fide purchaser for value, within the adjudged meaning of that phrase.
I think the judgment should be reversed as to Tilt, Thorp and Newman, and a new trial granted as to them, with costs to abide the event.
Judgment for the respondents on the verdict.