### ROBERT CRAIG *v.* THEODORE W. MARSH *and others.*

One who voluntarily parts with his goods, on a sale thereof, although thereto
induced by the false and fraudulent representations of the buyer, cannot recover
their value from a third person who has purchased them from the fraudulent
buyer, for value, and without notice.

One V., falsely representing himself to the plaintiff to be the agent of the defend-
ant, induced plaintiff to sell and deliver to him certain goods, which V. imme-
diately sold, in the regular way, to the defendant, for value, without notice of
the plaintiff's rights: *Held,* that by delivery of the goods the plaintiff con-
ferred upon V. an apparent right of property, and he could not recover the
price from the defendant.

APPEAL by the defendants from a judgment of the Marine
Court at general term.

The plaintiff, owning seven barrels of cider brandy, sent
them to one Melick, a commission merchant, to be sold. One
Van Dyke called on Melick about the 10th of October, and
inquired if he had any cider brandy for sale, and took samples;
said he was buying for the defendants, and asked if Melick
knew them. Melick replying that he did not, he was referred
to one Story to ascertain their responsibility. A day or two

afterward Van Dyke called again, and asked Melick if he had found that the defendants were good. Melick replied that he thought they were, from what Story said, and agreed to take ninety cents per gallon. Two days afterward Melick received an order by a carman, signed "T. W. & A. Marsh & Co. per Van Dyke," requiring him to deliver the brandy to the carman, with a bill. The brandy was delivered to the carman, and on calling three days afterward on the defendants, he found they had bought the brandy of Van Dyke, who represented himself to be its owner, at its actual value, and paid him for it. The defendants had had dealings to the amount of thousands of dollars for several years previous with Van Dyke, and found him straight-forward, but Van Dyke was not in their employ in any way.

The plaintiff brought this action after demand was made, to recover the value of the brandy.

The justice rendered judgment for the plaintiff, from which the defendants appealed.

*Ten Broeck & Van Orden*, for appellants.

*J. Slauson*, for respondent.

By the Court.—Brady, J.—The facts in this case are as follows: Mr. Andrew D. Melick, who was in the commission business, as he states it, received seven barrels of cider brandy from the plaintiff for sale. A person named Van Dyke called upon Melick and said he was buying for the defendants, and after some negotiation a sale was made to the defendants, as Melick supposed, through Van Dyke. This having been done, the brandy was delivered to a carman upon an order for it purporting to be signed by the defendants "per Van Dyke." The defendants, however, neither authorized the purchase by Van Dyke, nor made it from the plaintiff. They purchased it from Van Dyke without notice of the manner in which it had been obtained by him or of the plaintiff's rights, and for value, which was paid. Melick did not know Van Dyke before the transaction stated; did not know whether he was the agent of

the defendants or not, and made no inquiry on that subject before the goods were delivered upon the order signed "per Van Dyke," and sold to the defendants. The plaintiff must be regarded as having voluntarily parted with the brandy with the intent to sell the same, and the defendants as *bona fide* purchasers without notice. The possession of the brandy having been obtained with the consent of the plaintiff, he has no right of action against the defendants. By the delivery of the goods to Van Dyke he conferred an apparent right of property upon him, the delivery having been unconditional, and with the intent to part with the ownership (*Saltus* v. *Everett*, 20 Wend. 267; *Caldwell* v. *Bartlett*, 3 Duer, 341; *Keyser* v. *Harbeck*, 3 Duer, 373; *Steelyard* v. *Singer*, 2 Hilton, 96; *Fassett* v. *Smith*, 23 N. Y. 252), and it matters not that the delivery was accomplished through fraud, although it is otherwise where the goods are tortiously or feloniously obtained (cases *supra*). It was not assumed upon the argument that Van Dyke had feloniously acquired the possession of the brandy. The plaintiff based his right to recover upon the ground that Van Dyke, having a mere naked possession, and having procured it by fraud, could confer no title. As we have seen, this view is not available against a *bona fide* purchaser. The plaintiff himself invested Van Dyke with an apparent right of property, upon which the defendant acted innocently: He did not, either personally or by agent, make any inquiries of the defendants or any other person as to the authority of Van Dyke to bind the defendants. Not only was his agent remiss in that respect, but he delivered the goods upon Van Dyke's order without knowing him. The equities are decidedly with the defendants. If the agent of the plaintiff had acted with common prudence, he would have ascertained that Van Dyke was attempting to perpetrate a fraud.

The judgment should be reversed.