# COURT OF APPEALS.

## ISAAC WAIT agt. CHARLES S. GREEN.

*When chattels are sold and delivered conditionally, the vendor's right to the property remains good as against the vendee, and his voluntary assignee and others, who purchase with knowledge of the condition, but not as against bona fide purchasers from the vendee.*

BOCKES, *J.*—This is an appeal from a judgment ordered for the defendant at general term. The case is this: Catharine Corwins sold and delivered a horse to Thomas E. Billington, and took his note for $100, at five months, with interest, payable at the Union Bank, Watertown. Directly under the note, and on the same piece of paper, was a memorandum signed by Billington, as follows: " Given for one bay horse. The said Mrs. Corwins holds the said horse as her property until the above note is paid." Mrs. Corwins transferred the note, with the memorandum underwritten, before due, to the plaintiff, calling his attention at the time to the memorandum, and stating that it was guaranteed, or just as good as guaranteed. Billington sold and delivered the horse to the defendant for a full consideration, and without notice to the latter of the condition attached to the sale to him. The note was not paid at maturity, whereupon the plaintiff demanded the horse from the defendant. He refused to surrender it, and this action was commenced for its recovery, with damages for its detention.

It seems to have been assumed that the transaction between the plaintiff and Mrs. Corwins on the sale of the note, gave the former all right in regard to the claim on the horse which Mrs. Corwins had. Such was evidently the clear intention

and understanding of the parties. But it is unnecessary in this case to consider this point of objection. Let it be conceded that the sale and delivery were conditional; that the agreement was that the horse should remain the property of Mrs. Corwins until paid for, and that the plaintiff had succeeded to all her rights, and that the defendant was a *bona fide* purchaser from Billington, and the authorities are full to the effect that the defendant will be protected in his title. When chattels are thus sold and delivered conditionally, the vendor's right to the property remains good as against the vendee and his voluntary assignee, and others who purchase with knowledge of the condition, but not as against *bona fide* purchasers from the vendee (2 *Kent*, 498; 6 *John. Ch.*, 438; 1 *Ed. Ch.*, 146; 3 *Duer*, 352; 4 *Denio*, 323, 327; 6 *Duer*, 238; 25 *Barb.*, 474; 1 *Paige*, 312; 37 *Barb.*, 509; 5 *N. Y.*, 41; 31 *id.*, 507). These cases are not all direct decisions on the question under consideration. Several of them, however, are authoritative in support of the proposition above stated. I think particular reference need to be made only to *Smith* agt. *Lynes* (5 *N. Y.*, 41). In this case the action was against Lynes, the vendor, and Thompson & Co., who were *bona fide* purchasers of part of the goods from Lynes. This court held that if the sale and delivery to Lynes was conditional, no title passed as between the plaintiff and him, but that good title was obtained by Thompson & Co., in so far as they were *bona fide* purchasers from Lynes. PAIGE, J., in delivering the opinion of the court, says: "As to all the goods, therefore, purchased by Thompson & Co., from Lynes, and paid for by them, they are entitled to the protection of *bona fide* purchasers without notice, even if the delivery to Lynes was conditional. The nonsuit was, therefore, beyond all question correct as to the defendants, Thompson, Schoonmaker and Dean, the members of the firm of Thompson & Co." This decision fully sustains the opinion expressed by STRONG, J., in *Fleeman* agt. *McKean* (25 *Barb.*, 474, 483, 484), to the effect that when the original owner voluntarily places the goods in

Wait agt. Green.

the hands of the purchaser, and then makes him the ostensible proprietor, a sale by the possessor to a *bona fide* dealer, without notice, would be valid and pass the title.

The judgment in this case is right, and must be affirmed, with costs.

All concurred.

Affirmed.