HARVEY A. MOYER, APPELLANT, *v.* GEORGE W. McINTYRE, RESPONDENT.

*Conditional sale of property — the condition is void unless the contract be filed as required by chapter 315 of 1884.*

On August 5, 1885, the plaintiff sold a wagon to one Smith for seventy-two dollars and fifty cents, five dollars being paid in cash and a note for the balance being given by Smith to the plaintiff, which note provided that the title to the wagon was to remain in plaintiff until the note was paid, and that the plaintiff might take possession of the wagon whenever he felt insecure: Smith took possession of the wagon and eight weeks thereafter sold it to the defendant, who took the same without notice of the plaintiff's claim, paying therefor ten dollars in cash and applying fifty-five dollars upon an old debt owing to him by Smith. The plaintiff, after tendering to the defendant ten dollars and demanding the wagon, brought this action to recover its value in a justice's court.

*Held,* that as the contract was not filed as required by chapter 315 of 1884, the conditions and reservations contained in the note, qualifying and limiting Smith's ownership, were as against the defendant, who purchased in good faith and without notice of the same, absolutely void.

APPEAL from a judgment of the County Court of Onondaga county, reversing a judgment of a justice of the peace in favor of the plaintiff.

*A. L. & E. O. Johnson,* for the appellant.

*M. E. Driscoll,* for the respondent.

BOARDMAN, J.:

This action, to recover the value of a wagon alleged to have been converted by defendant, was brought in a justice's court, where the plaintiff recovered judgment. Upon appeal to the County Court, the judgment was reversed, and from such judgment of reversal the plaintiff appeals to this court.

On the 5th of August, 1885, plaintiff sold the wagon to one R. Smith, at the price of seventy-two dollars and fifty cents, upon which sale Smith paid five dollars, and gave his note for sixty-seven dollars and fifty cents to plaintiff for the balance. By the terms of the note, the title to the wagon was to remain in plaintiff until the note was paid, and he was to have the power to take possession of the wagon whenever he felt insecure, etc. Smith took possession of the wagon, and in about eight weeks thereafter, sold the wagon to defendant for ten dollars cash, and fifty-five dollars was applied to an old debt owing by Smith to defendant. Defendant had no knowledge of plaintiff's claim upon the wagon, and, so far as the case shows, the defendant acted in good faith. When plaintiff learned of the sale by Smith to defendant, he tendered to defendant ten dollars and demanded the wagon. The defendant refused the ten dollars and did not give up the wagon, whereupon this action was brought for the conversion. It stands conceded that defendant was a purchaser in good faith to the extent of the ten dollars paid by him to Smith. No contract of sale with the condition and reservation therein was filed as required by section 1 of chapter 315 of Laws of 1884. Under this law, the conditions and reservations contained in Smith's note, and qualifying his title to the wagon, are absolutely void as against the defendant, who purchased in good faith, and as to him the sale shall be absolute. The defendant, McIntyre, has bought this wagon without notice of any equity in plaintiff, and has paid ten dollars in cash and allowed fifty-five dollars on an

old debt due from Smith, who had possession of the wagon and the apparent right to sell it.   Prior to the act of 1884, the defendant would have been deemed a purchaser in good faith for a valuable consideration, and he would have acquired a valid title.   ( *Weaver* v. *Barden*, 49 N. Y., 286; *Caldwell* v. *Bartlett*, 3 *Duer*, 341; *Smith* v. *Lynes*, 1 Seld., 41.)   Indeed, the learned counsel for the appellant concedes that the plaintiff would be estopped from enforcing his claim if the defendant were a purchaser in good faith for value, and insists he was not such a purchaser as to the fifty-five dollars applied by defendant on an old debt due from Smith.   He also claimed that an offer to return the ten dollars to defendant makes his refusal to give up the wagon on demand a conversion for which this action will lie.   We do not think such positions can be sustained.   Under the evidence, the defendant was clearly a purchaser in good faith, and we think, as such, he took title to the property in spite of plaintiff's equity.   That title was absolute so far as plaintiff's interest is concerned.   In certain cases, as in *Weaver* v. *Barden* (*supra*), equity might be invoked in aid of a party whose property had been taken from him without his fault, as against a person who had acquired it for a small portion of its value; but this action was brought in a justice's court, not to enforce an equity, but in the claim of a legal right.   No case is cited where, under such a state of facts, a tender has been held to divest a purchaser of the title he has acquired under the law and the facts.   If the purchaser has acquired a title by his contract and payments, it is absolute.   If he has acquired no title, a tender was unnecessary before action was brought.

If any doubts existed on these questions prior to the law of 1884, we think that law has settled them by making the defendant's title absolute under the present facts.   The plaintiff is a mortgagee of the wagon, his mortgage not being filed.   The defendant is a purchaser in good faith, without notice and for value of the mortgagor.   The statute says such mortgage shall be absolutely void as against subsequent purchasers in good faith; as to them, the sale shall be deemed absolute.   Language cannot be more clear and comprehensive.   We must hold that the law means what it says.

In *Taylor* v. *Mayor, etc.* (67 N. Y., 87), the construction was given to the words, "as against purchasers or mortgagees in good

"faith," used in section 282 of the old Code in providing for securing a judgment pending appeal, so as to discharge the lien. It was held that a mortgagee who took his mortgage fairly and honestly in payment of an old debt and for full value, was protected. It is not necessary to hold that such rule applies to the case under consideration, because an actual present consideration was parted with by this defendant.

The judgment of the County Court, reversing the judgment of the justice, should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment of the County Court of Onondaga county, reversing a justice's judgment, affirmed, with costs.