*Paige, J.
 

 Where goods are sold, on condition of being paid for, on delivery, in cash or commercial paper, or on condition of receiving, on delivery, security for payment, an absolute and unconditional delivery of the goods by the vendor, without exacting, at the time of delivery, a performance of the condition, or attaching any other condition to the delivery, is a waiver of the condition of the sale, and a complete title passes to the purchaser, if there be no fraudulent contrivance on the part of the latter to obtain possession. Where there is a condition precedent attached to a contract of sale and delivery, the property does not vest in the vendee, on delivery, until he performs the condition, or the seller waives it. An absolute and unconditional delivery is regarded as a waiver of the condition. By an absolute delivery, without exacting the performance of the condition, the vendor is presumed to have abandoned the security he had provided for the payment of the purchase-money, and to have elected to trust to the personal security of the vendee. (2 Kent’s Com. 496-7;
 
 Chapman
 
 v.
 
 Lathrop,
 
 6 Cow. 110, and 115 note
 
 a; Lupin
 
 v.
 
 Marie,
 
 6 Wend. 80, in error, Marcy, J.;
 
 Farniss
 
 v.
 
 Hone,
 
 8 Wend. 247, in error;
 
 Carleton
 
 v.
 
 Sumner,
 
 4 Pick. 516;
 
 Hussey
 
 v.
 
 Thornton,
 
 4 Mass. 405;
 
 Smith
 
 v.
 
 Dennie,
 
 6 Pick.
 
 262; People
 
 v. Haynes, 14 Wend, 562, in error, per Chancellor, 566, per
 
 *43
 
 Tracy, Senator;
 
 Shindler
 
 v.
 
 Houston,
 
 1 Denio 51, Jewett, J.;
 
 Buck
 
 v.
 
 Grimshaw,
 
 1 Edw. Ch. 144.) The vendor, to avoid a waiver of the condition of the sale, must either refuse to deliver the goods, without a performance of the condition, or he must .make the delivery, at the time, qualified and conditional.
 
 (Lupin
 
 v.
 
 Marie,
 
 6 Wend. 81, in error, Marcy, J.;
 
 Hussey
 
 v.
 
 Thornton,
 
 4 Mass. 405; 14 Wend. 566, Tracy, Senator.
 

 Justice Nelson, in
 
 Furniss
 
 v.
 
 Hone
 
 (8 Wend. 256), says, whether the delivery is absolute or conditional must depend upon the intent of the parties, at the time the goods are delivered. And in
 
 Smith
 
 v.
 
 Dennie
 
 (6 Pick. 266), Parker, *C. J., held that this was a question of fact for the jury.
 
 [1]
 
 He says, “We do not think, after a conditional bargain has been made and a delivery immediately takes place, upon the expectation that the contemplated security shall be produced, without an express declaration that the delivery is also conditional, that the sale,
 
 ipso facto,
 
 becomes absolute, because there is an implied understanding that the ven-dee,” &c.,
 
 “
 
 will furnish the security,” &c., “ as soon as he shall have an opportunity to procure it.” In that case, the sale was on the express condition that the vendee should give an indorsed note for the price, and the goods were delivered by the clerk of the vendor, to the vendee, without any express reference to the condition, and remained in the possession of the vendee for eight days, during which time, no claim was made by the vendor for the notes or the goods; and it was held, that there was a waiver of the condition, and a verdict to the contrary was set aside by the court, as against evidence. Parker, C. J., in giving the opinion of the court, says, “ There is nothing in the case, from which an intention to hold on upon the condition can he inferred, no
 
 declaration, at the time, which, though not necessary, is important,
 
 
 *44
 
 and no call for security, until it was forgotten or abandoned, and perhaps never would have been recurred to, if the goods had not been attached.” According to this decision, as well as the intimation of Justice NelsoN, in
 
 Furniss
 
 v.
 
 Hone,
 
 and the language of Chancellor KENT, in his commentaries (2 Kent 496), it does not seem to be necessary to a qualified or conditional delivery, that the qualification or condition intended to be annexed to the delivery, should, at the time, be declared by the vendor in express terms. The delivery will be conditional, if the intent of the parties that it should be so, can be inferred from their acts and the circumstances of the case.
 

 The learned judge who tried this cause was evidently mistaken in the proposition advanced by him, that, to make a delivery conditional, it must be declared to be so in express terms. Where the delivery is absolute, without any contemporaneous declaration qualifying it, the
 
 *onus
 
 ^ie ProcJ condition rests upon the vendor. If no such proof be offered, the delivery will be deemed absolute, and the title to the goods will pass to the vendee. (8 Wend. 256, Nelson, J.;
 
 Buck
 
 v.
 
 Grimshaw,
 
 1 Edw. Ch. 140.) Every absolute delivery of goods, sold on condition, is presumptive evidence of a waiver of the condition by the vendor, and of an intention on his part to rely wholly on the personal security of the vendee for the payment of the price of the goods. The cases cited by the counsel of the appellant do not conflict with the foregoing propositions. In the cases of
 
 Russell
 
 v.
 
 Minor
 
 (22 Wend. 659) and of
 
 Keeler
 
 v.
 
 Field
 
 (1 Paige 312), express conditions were annexed to the delivery of the goods. In
 
 Palmer
 
 v.
 
 Hand
 
 (13 Johns. 434), the delivery of the timber was not complete, before payment was demanded. In
 
 Haggerty
 
 v.
 
 Palmer
 
 (6 Johns. Ch. 437), the delivery was held to be conditional, in accordance with a usage of the city of' New York, known to the purchaser, and the validity of
 
 *45
 
 which was not called in question by the parties to the suit.
 

 In the case now under review, the goods were sold on condition of being paid for (excepting $2000 worth), on delivery, by indorsed notes. The goods were delivered in parcels, at the purchaser’s store, on several days in January, February and March. There is no evidence to show that the delivery of any of these parcels was, in express terms, made subject to any condition. The delivery being shown, it belonged to the plaintiff to prove that it was conditional. No question can arise as to any of the parcels, except the one delivered on the 7th of March. Several parcels had been delivered previously to that day, without exacting the delivery of the indorsed notes stipulated in the contract; as to these parcels, the. delivery must be deemed to be absolute, and the condition regarded as waived. The memorandum indorsed on the receipt given for the goods delivered on the 7th of March, in which Lynes declares in substance, that on Wednesday or Thursday he will “have them ready” (which Lynes swears ^referred to the notes), tends to show a promise on the part of Lynes to procure the indorsed- notes and deliver them to the plaintiff, and that the goods delivered on the 7th of March, were delivered on the condition of the subsequent delivery by Lynes to the plaintiff of such notes. If the goods were delivered on the faith of that promise, and in expectation that it would be performed, this case resembles that of
 
 Russell
 
 v.
 
 Minor
 
 (22 Wend. 662). In that case, the seller delivered a portion of the goods sold, to the purchaser, and asked the latter for his note for the quantity delivered, and the purchaser replied, that he would give his note for the whole, when the remainder was delivered, and that the parcel then delivered could remain till that time. The court of errors held -that the delivery of the parcel was conditional. Senator Edwards,. with whom the maiority of the court concurred, put the
 
 *46
 
 question of waiver of the condition of the sale, on the intention of the parties at the time of the delivery; and from the facts of that case, he came to the conclusion, that neither party intended that the condition of the sale should be waived. Senator Wager took a similar view of the question.
 

 If the memorandum indorsed on the receipt of the 7th of March, tends to show a state of facts which will bring this case within the principle of the case of
 
 Russell
 
 v.
 
 Minor
 
 (which I think quite clear), the nonsuit of the plaintiff was erroneous, so far as relates to the goods delivered on the 7th of March; and the judge who tried the cause erred, in not submitting it to the jury, to determine whether the goods delivered on that day were delivered absolutely or conditionally; that is, whether the plaintiff intended to deliver them absolutely, and thereby to waive the condition on which the sale was made. (6 Pick. 266-7.)
 

 There is no evidence in the case, to show that the goods found in the possession of Thompson
 
 &
 
 Co., and replevied by the sheriff, were a part of the goods delivered on the 7th of March. These goods they purchased from B. Lynes, without *any notice, for aught the case shows, of the nature of the contract of sale be-
 

 tween him and the plaintiff. As to all the goods, therefore, purchased by Thompson & Co., from B. Lynes, and paid for by them, they are entitled to the protection of
 
 bond fide
 
 purchasers without notice, even if the delivery to Lynes was conditional. (6 Johns. Ch. 437; 1 Paige 312; 1 Edw. Ch. 146.) As it does not appear that any part of the goods taken by the sheriff from the possession of Thompson & Co., were a part of the goods delivered on the 7th of March, although a part of these goods should not have been paid for by Thompson & Co. to Lynes, they can, nevertheless, justify under Lynes, whose title to all the parcels delivered previously to the 7th March is undoubtedly perfect, in consequence of the
 
 *47
 
 absolute and unconditional delivery to him by the plaintiff of all such parcels.
 

 The nonsuit was, therefore, beyond all question, correct as to the defendants, Thompson, Schoomaker and and Dean, the members of the firm of Thompson & Co. But for the reasons before assigned, it was erroneous as to Benjamin Lynes. It must, therefore, be set aside, and the judgment of the superior court must be reversed.
 

 Judgment reversed.
 
 [2]
 

 [1]
 

 Miller
 
 v.
 
 Jones, 66 Barb. 148.
 

 [2]
 

 On a sale for cash, a delivery, -without payment, is presumptive evidence of a waiver of the condition; and the vendor cannot reclaim the goods from a
 
 bond fide
 
 pm chaser from the vendee. Leedom
 
 v.
 
 Philips, 1 Yeates 527. So, a conditional delivery, accompanied hy the
 
 indicia
 
 of ownership, -will pass the title, in favor of one who makes advances upon the goods to the purchaser, in good faith. Rawls
 
 v.
 
 Deshler, 3 Keyes 572; s. c. 1 Sheld. 48.