## ISAAC WAIT *v.* CHARLES S. GREEN.

*Chattel, Conditional Sale of, when good.*

The sale of a chattel conditionally and delivery of the same; is good as be-
tween the vendor and vendee and all voluntary assignees, or persons taking
title with knowledge of the transaction. But as against a bonâ fide purchaser
for value, the title passes absolutely, irrespective of the question whether the
conditions have been performed by the vendee or not.

BOCKES, J.—This is an appeal from a judgment ordered for the
Defendant at General Term. The case is this: Catharine Cor-
wins sold and delivered a horse to Thomas E. Billington, and
took his note for $100, at five months, with interest, payable at the
Union bank, Watertown. Directly under the note, and on the
same piece of paper, was a memorandum signed by Billington, as
follows: " Given for one bay horse. The said Mrs. Corwins holds
the said horse as her property until the above note is paid." Mrs.
Corwins transferred the note, with the memorandum underwritten,
before due, to the Plaintiff, calling his attention at the time to the
memorandum, and stating that it was guaranteed, or just as good
as guaranteed. Billington sold and delivered the horse to the
Defendant for a full consideration, and without notice to the latter
of the condition attached to the sale to him. The note was not
paid at maturity, whereupon the Plaintiff demanded the horse
from the Defendant. He refused to surrender it, and this action
was commenced for its recovery, with damages for its detention.

It seems to have been assumed that the transaction between the
Plaintiff and Mrs. Corwins on the sale of the note, gave the former
all right in regard to the claim on the horse which Mrs. Corwins
had. Such was evidently the clear intention and understanding
of the parties. But it is unnecessary in this case to consider this
point of objection. Let it be conceded that the sale and delivery
was conditional; that the agreement was that the horse should
remain the property of Mrs. Corwins until paid for, and that the
Plaintiff had succeeded to all her rights, and that the Defendant was
a bonâ fide purchaser from Billington, and the authorities are full

to the effect that the Defendant will be protected in his title. When chattels are thus sold and delivered conditionally, the vendor's right to the property remains good as against the vendee and his voluntary assignee, and others who purchase with knowledge of the condition, but not as against bonâ fide purchasers from the vendee (2 Kent, 498 ; 6 John. Ch. 438 ; 1 Ed. Ch. 146 ; 3 Duer, 352 ; 4 Denio, 323, 327 ; 6 Duer, 238 ; 25 Barb. 474 ; 1 Paige, 312 ; 37 Barb. 509 ; 5 N. Y. 41 ; 31 N. Y. 507). These cases are not all direct decisions on the question under consideration. Several of them, however, are authoritative in support of the proposition above stated. I think particular reference need to be made only to Smith *v.* Lynes (5 N. Y. 41). In this case the action was against Lynes, the vendor, and Thompson & Co., who were bonâ fide purchasers of part of the goods from Lynes. This Court held that if the sale and delivery to Lynes was conditional, no title passed as between the Plaintiff and him, but that good title was obtained by Thompson & Co. in so far as they were *bonâ fide purchasers* from Lyons. Paige, J., in delivering the opinion of the Court, says : " As to all the goods, therefore, purchased by Thompson & Co. from Lynes, and paid for by them, they are entitled to the protection of bonâ fide purchasers without notice, even if the delivery to Lynes was conditional. The nonsuit was, therefore, beyond all question correct as to the Defendants, Thompson, Schoonmaker, and Dean, the members of the firm of Thompson & Co." This decision fully sustains the opinion expressed by Strong, J., in Fleeman *v.* McKean (25 Barb. 474, 483, 484), to the effect that when the original owner voluntarily places the goods in the hands of the purchaser, and then makes him the ostensible proprietor, a sale by the possessor to a bonâ fide dealer, without notice, would be valid and pass the title.

The judgment in this case is right, and must be affirmed, with costs.

All concurred.

Affirmed.

JOEL TIFFANY,
State Reporter.