HENRY AUSTIN, Respondent, *v.* NATHAN A. DYE, Appellant.

One having possession of personal property as a bailee for hire, with an executory and conditional agreement for its purchase, which conditions have not been performed, can give no title thereto to a purchaser, although the latter acts in good faith and parts with value, without notice of the want of title of his vendor. (*Ballard* v. *Burgett*, 40 N. Y., 314, followed; *Witts* v. *Green*, 36 N. Y., 556, questioned).

(Argued November 27, 1871; decided December 5, 1871.)

APPEAL from order of the General Term of the Supreme Court in the eighth judicial district, affirming an order of Special Term granting defendant a new trial. The facts are sufficiently stated in the opinion.

*A. G. Rice*, for appellant. That a *bona fide* purchaser for value, from a conditional vendee having possession, gets a

good title. (*Wyaits* v. *Green*, 36 N. Y., 556; *Smith* v. *Lyon*, 1 Seld., 41.) Taking a new note for a debt due is payment of a new and valuable consideration. (*Traders' Bank of Rochester* v. *Bradner*, 43 Barb., 379.)

*A. J. Parker*, for respondent. Morgan had no title to the cattle, and could confer none upon the defendant. (*Neidig* v. *Eifln*, 18 Abb. R., 353; *Strong* v. *Taylor*, 2 Hill, 326; *Herring* v. *Willard*, 2 Sandf., 418; *Herring* v. *Hopporh*, 15 N. Y. R., 409; *Ballard* v. *Burgett*, 47 Barb., 646; *Ballard and Simpson* v. *Burgett*, 40 N. Y., 413.) Defendant not a *bona fide* purchaser. (*Coddington* v. *Bray*, 26 John. R., 637; *Stalker* v. *McDonald*, 6 Hill, 93; 47 Barb., 29.)

Allen, J. The case, without setting out the evidence, states that the plaintiff proved that in October, 1866, he was the owner of the oxen in controversy, and that he agreed with Morgan to let him have the oxen for one dollar per day while in use, which Morgan agreed to pay. That at the same time it was agreed, that if Morgan should deliver to the plaintiff upon the bank of the Allegany river, a given quantity of hemlock boards within a specified time, the oxen should be the property of Morgan. That if he should not deliver the whole quantity, the plaintiff should take what he should deliver, at an agreed price per thousand, to be applied in payment for the use of the oxen. That the oxen were then delivered to Morgan, who did not deliver the full quantity of lumber agreed upon as the purchase price. The defendant claimed title under a mortgage upon the cattle given by Morgan. No question appears to have been made upon the trial as to the *bona fides* of the plaintiff in his dealings with Morgan, and the facts stated to have been proved, do not appear to have been controverted. The judge charged the jury, that if they found that the defendant took the mortgage for *bona fide* consideration then paid, and without notice of the plaintiff's interest in them, they should find for the defendant, to which the plaintiff excepted. A verdict was found for the defend-

ant ; and from an order setting the same aside and granting a new trial the defendant has appealed.   Upon the statement in the case of the facts as proven, and to which the parties have assented, there was no delivery of the cattle by the plaintiff to Morgan, with intent to pass the title and vest the property in the latter, either absolutely or conditionally.   Morgan took possession of the oxen as bailee for hire, with an executory and conditional agreement for the purchase of them.

While, as a rule, an individual can transfer no greater interest in, or better title to property than he has, some exceptions have been engrafted upon the rule.   Some of· these exceptions are parts of the common-law, and are confined to negotiable instruments for the payment of money, and others reach the cases of property delivered by the vendor to the vendee, with intent to vest the title, although the conditions of the sale have not been fully performed ; but this case is not within any of the exceptions.   On the contrary, it is well established, that neither an ordinary bailee of property, nor one having possession under an executory agreement to purchase, can give a title thereto to a purchaser, although the latter acts in good faith, and parts with value without knowledge or notice of the want of title of his vendor, or that third persons have claims upon the property.   The cases and authorities bearing upon the question were well considered in *Ballard* v. *Burgett* (40 N. Y., 314) ; and this court there held, in a case which cannot be distinguished from this by any circumstance favorable to the defendant, that one who purchases personal property from an individual, having possession under an executory agreement for the purchase, the conditions of which have not been performed, acquires no title as against the original owner, notwithstanding the purchase is made in good faith and in ignorance of the claim of the true owner.   It is suggested that this is in conflict with *Wait* v. *Green* (36 N. Y., 556).   There was an attempt to distinguish *Ballard* v. *Burgett* from *Wait* v. *Green*, but with what success it is not necessary to consider.   There is a difference in the circumstance, but whether there is any distinction in principle is not

very apparent, and is not necessary to be determined here. This case is on all fours with *Ballard* v. *Burgett;* and that, as the latest utterance of the court, abundantly sustained upon principle and by authority, must be received as the law, and is decisive of this case.

The order appealed from must be affirmed, and judgment absolute for the plaintiff.

All concur.

Judgment affirmed.