HUGH M. COMER, Survivor, etc., Appellant, *v.* MARY R. CUNNINGHAM as Administratrix, etc., Respondent.

Where goods are sold to be paid for on delivery, if delivery is made without requiring payment, although with the condition attached that the delivery shall not be considered complete so as to pass the title until payment is made, a *bona fide* purchaser from the vendee, without notice, obtains a good title discharged of the lien for the purchase-money.

Plaintiff's firm sold to W., at Savannah, Ga., a quantity of cotton for cash. The vendors, by direction of W., delivered a portion of the cotton at the place where cotton was pressed by the steamers preparatory to shipment, and it was on the same day laden on board of a steamer for New York, and a bill of lading given therefor, in which W. was stated as the shipper, the cotton being deliverable to order. W. gave to the vendors two checks for the purchase-price drawn on B. & H., bankers at Savannah, one dated some days ahead. W. was a business correspondent of C. & Co., of New York; and in the habit of shipping cotton to them, and drawing against it for advances. W. presented to B. & H., at Savannah, the bill of lading, duly indorsed, with a sight draft on C. & Co. attached, payable to the order of B. & H., who discounted the draft. B. & H. indorsed the draft, and C. & Co. paid it upon presentation in the usual course of business, receiving the bill of lading without knowledge of any adverse claim to the cotton; and under it obtained possession of the cotton. One of the checks given for the purchase-price of the cotton was not paid. By a statute of Georgia it is provided that cotton sold on cash sales shall not be considered as the property of the buyer, or the ownership given up, until the same shall be fully paid for, although it may have been delivered into the possession of the buyer. *Held*, that assuming the statute, being the law of the State where the parties to the sale resided, entered into the terms of and became part of the contract, this did not make the sale a conditional one, but simply made the delivery conditional upon payment; and that the law of this State, protecting against the claims of the original vendor, a *bona fide* purchaser from one to whom goods have been conditionally delivered, was applicable.

*Ballard* v. *Burgett* (40 N. Y., 314); *Austin* v. *Deye* (46 id., 500); *Herring* v. *Hoppock* (15 id., 409); *Strong* v. *Taylor* (2 Hill, 326), distinguished.

As to whether in such a case the factor's act would be a protection, *quære.*

(Argued January 30, 1879; decided May 27, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of the defendant, entered upon a verdict.

This was an action of replevin, to recover possession of forty-five bales of cotton, brought by plaintiff as surviving member of the firm of. Bates & Comer, commission merchants at Savannah, Ga. It was originally brought against James B. Cunningham, of the firm of James B. Cunningham & Co. Cunningham having died his administratrix, the present defendant, was substituted in his stead.

The facts are set forth sufficiently in the opinion.

*Erastus Cook*, for appellant. The sale being conditional the contract of sale remained executory until payment was made. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Strong* v. *Taylor*, 2 Hill, 326; *Ballard* v. *Burgett*, 40 N. Y., 314; *Coggett* v. *N. H. R. R. Co.*, 69 Mass. R., 548.) The factors' act has no application to this case. (Laws 1830, p. 203; *Covill* v. *Hill*, 4 Denio, 330; *The Mechanics and Traders' Bank* v. *The F. and M. Bank*, 60 N. Y., 40; *First Nat. Bk. of Toledo* v. *Shaw*, 61 id., 283; *Kinsey* v. *Leggett*, Court of Appeals, not yet reported; *Deshon* v. *Bigelow*, 74 Mass [8 Gray's R.], 160; *Cook* v. *Beal*, 1 Bosw., 497–504; *Hatfield* v. *Phillips*, 9 Mees. & Wels., 650.)

*Benjamin G. Hitchings*, for respondent. A sale can only be rescinded *in toto* and by restoring all parties to a *statu quo*. (Chitty on Contracts, 813; 2 Parsons on Contracts, 679; *Wheaton* v. *Baker*, 14 Barb., 594; *Mattawan* v. *Bently*, 13 Barb., 641; *Mason* v. *Baret*, 1 Denio, 69; *Voorhees* v. *Earl*, 2 Hill, 288; *Stevens* v. *Hyde*, 32 Barb., 171; *Fisher* v. *Conant*, 3 E. D. Smith, 199; *Supin* v. *Marie*, 6 Wend., 77.) A purchaser from the vendee is protected by this rule as well as the vendee. (*Wheaton* v. *Baker*, 14 Barb., 594; 2 Kent's Comm. [6th ed.], 406; Wharton Conflict of Laws, § 335, 347 to 351; *Hoyt* v. *Thompson*, 5 N. Y., 320; *Lemmon* v. *The People*, 20 N. Y., 562; *Abrahams* v. *Plestero*, 3 Wend., 551; *Hoyt* v. *Thompson*, 23 id., 89; *De Witt* v. *Barnett*, 3 Barb., 89; *Hoyt* v. *Thompson*, 1 Seld., 520; *Harrison* v. *Story*, 5 Cranch., 298–302; *Ogden* v. *Sanders*,

12 Wheaton, 561; *Baker* v. *Wheaton*, 5 Mass., 509; *Johnson* v. *Parker*, 4 Bush. [Ky.] R., 149; *Rice* v. *Danenbaum*, 32 Vt. R., 460; 17 Pick., 11; 50 Penn., 230; *De Witt* v. *Barnett*, 3 Barb., 89; *Donald* v. *Hewell*, 33 Ala., 534; *Marsh's Admr.* v. *Ellsworth*, 37 id., 85; *Booth* v. *Clark*, 17 How. [N. S.], 322; 1 Gray, 243.) Upon a sale on credit accompanied by a delivery, with a special agreement that title shall remain in the vendor until the expiration of the credit, the title of the vendor would be good against an execution creditor of the vendee, but the title of a *bona fide* purchaser from the vendee would be good. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Cole* v. *Mann*, 62 id., 1; *Hasbrouck* v. *Lownsberry*, 26 N. Y., 598; *Smith* v. *Jones*, 1 Seld., 41; *Wait* v. *Green*, 36 N. Y., 526; *Burk* v. *Grimshaw*, 1 Edw. Ch., 140; *Bearnes* v. *Jones*, 6 Duer., 238; *Caldwell* v. *Bartlett*, 3 id., 341; *Covell* v. *Hill*, 3 Denio, 323–330; *Mowry* v. *Walsh*, 8 Cow., 238; *Western Transportation Co.* v. *Marshall*, 37 Barb., 509; *Fleeman* v. *McKean*, 25 id., 474; *Winnie* v. *McDonald*, 39 N. Y., 243; S. C., 5 Bosw., 131; *Cole* v. *Mann*, 62 N. Y., 4; *Paddon* v. *Taylor*, 44 id., 371; 58 id., 73.) Defendants having advanced in good faith upon the bill of lading and received the goods are entitled to hold them for their advances and charges. (*Lichbarrow* v. *Mason*, 61 East., 21; 2 T. R., 63; *Rawles* v. *Jeshler*, 3 Keyes, 572; *Dows* v. *Green*, 24 N. Y., 638; *Cartwright* v. *Wilmerding*, 24 id., 521; *Burk* v. *Grimshaw*, 1 Edw. Ch., 140; *Peabody* v. *Fenton*, 3 Barb. Ch., 463; *Parker* v. *Patrick*, 5 T. R., 173; *Pickering* v. *Bark*, 15 East., 38; *Brower* v. *Peabody*, 13 N. Y., 171; *Voorhies* v. *Olmstead*, 66 id., 113; *Western Trans. Co.* v. *Marshall*, 37 Barb., 509; *Lewis* v. *Palmer*, Denio and Hill's Sup., 68; *Smith* v. *Lynes*, 1 Seld., 41; *Wait* v. *Green*, 36 N. Y.) This case is within the first section of the factor's act. (Laws of 1830, chap. 179; 2 R. S., part 2, chap. 4 tit. 5; *Rawles* v. *Deshler*, 3 Keyes, 572; *Dows* v. *Green*, 24 N. Y., 638; *Dows* v. *Rush*, 28 Barb., 157; *Cartwright* v. *Wilmerding*, 24 N. Y., 521; *Western Trans. Co.* v. *Marshall*, 37 Barb., 509.)

Rapallo, J. The forty-five bales of cotton claimed by the plaintiff in this action were part of a lot of sixty bales which were on the 18th of November, 1870, shipped from Savannah, Georgia, to the firm of James B. Cunningham & Co. of New York, by F. S. Williams, a business correspondent of that firm, who was in the habit of shipping cotton to them and drawing against it for advances thereon.

A bill of lading of the cotton on board the steamer San Salvador, with a sight draft attached thereto, drawn by Williams upon Cunningham & Co. for $4,500 payable to the order of Bryan & Hunter, of Savannah, and indorsed by them, were presented to Cunningham & Co., at New York by the agents of Bryan & Hunter, on the 21st of November, 1870, and Cunningham & Co. thereupon paid the draft and received the bill of lading, in the usual course of business. The payment of the draft was made as an advance upon the cotton on the faith of the bill of lading. In the bill of lading Williams was named as the shipper of the cotton. It was deliverable to order and the bill of lading was duly indorsed. Cunningham & Co. had no knowledge of any claim of any person on the cotton, and upon the uncontroverted evidence they stand in the position of *bona fide* purchasers of the cotton, or lenders thereon in good faith. The defendant is the representative of Cunningham & Co.

Cunningham & Co. obtained possession of the cotton under the bill of lading and put it in store, where it remained until the 25th of November, when the forty-five bales in question were replevied in this action by Bates & Comer of Savannah.

The grounds upon which they claim to be entitled to take the cotton are, that the sixty bales shipped by Williams as above stated were part of a lot of 117 bales sold by the firm of Bates & Comer (of whom the plaintiff is survivor) to Williams, at Savannah, in November, 1870, for cash. The price of the whole lot was $8,676.20. The plaintiff testified that the 117 bales were delivered to Williams on the

18th of November, 1870, and that on the next day, Saturday the nineteenth, Williams gave to plaintiff two checks on Bryan & Hunter ; one for $6,000, which was paid, and one $2,676.20 which was not paid. It appears that the sixty bales shipped to Cunningham & Co., were on the 18th of November delivered by the sellers by direction of Williams, at the compress, being the place where cotton was pressed by the steamers, preparatory to shipment and that they were on the same day laden on board the steamer and the bill of lading before mentioned was issued to Williams.

He thereupon drew the $4,500 draft on Cunningham & Co., and presented the same, with the bill of lading, to Bryan & Hunter who discounted the draft, and against the proceeds of this discount and other moneys in their hands, Williams drew the before-mentioned checks on Bryan & Hunter for $6,000 and $2,676.20 in favor of the plaintiff's firm, for the purpose of paying for the 117 bales, and plaintiff's firm on the next day collected the $6,000 check as before stated. Williams testifies that the check for $2,676.20 was dated some days ahead and also that he informed plaintiff of the shipment at the time, but as these facts are controverted they are not taken into consideration.

No condition appears to have been attached by the parties, to the delivery of the cotton on the eighteenth of November, nor is it alleged that Williams obtained possession of it by means of any fraud. It was voluntarily and absolutely delivered by the vendors, in the usual course of business, and no question would arise as to the title of Williams or of Cunningham & Co., but for a statute of the State of Georgia, upon which the plaintiff relies to maintain this action.

This statute provides that " cotton, rice, and other products sold by planters and commission merchants on cash sale shall not be considered as the property of the buyer, or the ownership given up, until the same shall be fully paid for, although it may have been delivered into the possession of the buyer."

It is not claimed on the part of the plaintiff that this statute has any force, *ex proprio vigore*, in this State, but the claim made is, that the statute being the law of the State where the parties resided, and the property was, and where the contract was made and to be performed, it entered into the terms of the contract, and became a part of it, to the same extent as if its essential provisions had been written into it.

Assuming this position to be correct, the questions arise, first, what was the nature and effect of the dealing between the vendors and Williams, as construed by including the provisions of this statute as part of the contract, and secondly what are the rights of a *bona fide* purchaser from Williams.

The plaintiff contends that the effect of incorporating the statute into the contract was to make the sale to Williams a conditional sale, but I apprehend that this is not an accurate view. The sale was a present, absolute sale; not executory nor depending upon any contingency. The obligation of the buyer to pay was absolute, and the property was at his risk. If it had been destroyed, or lost on the voyage, his obligation to pay would not have been discharged, notwithstanding that as between him and his vendors the title had not passed. The statute did not purport to affect any of these rights, or to attach any condition to the contract of sale. It simply made the *delivery* conditional, and if written into the contract would affect nothing but the delivery. The property in that case stood in precisely the same condition after its delivery to Williams at Savannah, as if the transaction had taken place in this State, and the vendor on a cash sale had expressly attached to the delivery a condition that the title should not pass until payment of the price. Such transactions are of common occurrence in this State, and the rights of the vendor and vendee and of *bona fide* purchasers from the vendee, are well-settled by the adjudications of our courts. Where goods are sold to be paid for, in cash or by notes on delivery, if delivery is made without demand of the notes or cash the presumption is that the condition is waived, and a complete title vests in the purchaser; but this pre-

sumption may be rebutted by proof of acts or declarations and circumstances showing an intention that the delivery shall not be considered complete until performance of the condition, and the question of intention is one of fact. But after actual delivery, although as between the parties to the sale such delivery be conditional, a *bona fide* purchaser from the vendee obtains a perfect title (*Smith* v. *Lynes*, 5 N. Y., 41; *Fleeman* v. *McKean*, 25 Barb., 474; *Beavers* v. *Lane*, 6 Duer, 238), though a voluntary assignee of the purchaser does not. (*Haggerty* v. *Palmer*, 6 J. R. Ch., 438.) The statute of Georgia having no operation here as law, its only effect can be to place the parties in the same position as if it had been stipulated at the time of the delivery to Williams that such delivery should be conditional upon payment, and we must apply to the case the law of this State which protects a *bona fide* purchaser from one to whom goods have been conditionally delivered, against the claims of the original vendor. *Rawls* v. *Deshler* ( 3 Keyes, 572) is very much in point. Deshler sold a quantity of corn to Griffin, and gave him an order on the elevator to deliver the corn to him "subject to my order till paid for." This delivery was clearly conditional. The Georgia statute was actually incorporated into the contract, and neither Griffin nor his execution creditor or voluntary assignee, could have resisted successfully a claim of the vendor to retake it. Yet this court held that Griffin having shipped the corn and drawn against it, the drawees, having paid the draft on the faith of the bill of lading, were protected as *bona fide* purchasers, and also under the factor's act.

In *Wait* v. *Green* (36 N. Y., 556), the vendor of a horse delivered it and took from the purchaser a note at foot of which was a memorandum signed by the vendee: "Given for one bay horse. The said Mrs. Comins (the vendor) holds the said horse as her property until the above note is paid." This court held that a *bona fide* purchaser from the vendee obtained a good title. This case is supposed to be in conflict with *Herring* v. *Hoppock* (15 N. Y., 409); *Ballard* v.

*Burgett* (40 id., 314), and *Austin* v. *Dye* (46 id., 500). If the transaction is to be regarded as a conditional sale, the case is in conflict with the two last cited cases in 40 and 46 N. Y., but it can well be treated as a case only of conditional delivery. In *Ballard* v. *Burgett* it was held that where the sale was conditional, no title passed to the vendee, because there was no sale until the condition was performed, and the so-called vendee was a mere bailee with a contract for a future sale. That the property while in his hands was at the risk of the vendor, and the so-called vendee was not liable for the price. That he had no title to the property and could convey none, even to a *bona fide* purchaser; that there was no sale, and he had a mere possession, and that the finding of the referee that the agreement was that the property was to remain the property of the plaintiff till the $180 were paid, was incompatible with the finding of a sale, and the true construction of the contract was that the oxen were delivered under an agreement that when the party receiving them should pay $180, the party delivering them would sell the oxen. *Wait* v. *Green* was distinguished, and it was held that under the circumstances of that case if the horse had died before payment of the note such death would have been no defense to the note, and that was a conclusive circumstance showing that the condition expressed in the note was a mere security for the price. Whereas in the case at bar had the oxen died no action could have been maintained for the purchase-money. The cases holding that where there is a sale and a conditional delivery a *bona fide* purchaser from the vendee acquires a good title discharged of the lien for the purchase-money are cited, but they are not attempted to be overruled nor are they questioned. In *Austin* v. *Dye* (46 N. Y., 500) the principle of this decision is clearly stated, and is, that one having possession of personal property as bailee, with an executory and conditional agreement for its purchase, the condition not having been performed, can give no title to a purchaser though the latter acts in good faith and parts with value without notice of the want of title. In

that case the alleged vendee was to pay hire for the oxen until he should pay a specified sum in a specified manner in lumber, and then he was to become the owner. Until then there was no sale, and they were at the risk of the bailor, who received hire for their use. The sale was executory as that in *Ballard* v. *Burgett* was construed to be. In *Herring* v. *Hoppock*, 15 N. Y., 409, and *Strong* v. *Taylor* (2 Hill, 326), the question of the rights of a *bona fide* purchaser did not arise and it is therefore immaterial to consider whether those were cases of conditional sale or conditional delivery. In the present case it cannot be pretended that the sale was executory or conditional. It was an absolute unconditional sale, and the greater part of the purchase-money, much more than sufficient to cover the price of the bales received by the defendant's firm, had actually been paid. There is no feature, favorable to the plaintiff, by which it can be distinguished from *Smith* v. *Lynes* (5 N. Y., 41), and the cases there referred to, and that case and *Rawls* v. *Deshler* (3 Keyes, 572) establish that a condition that the title shall not pass until payment, when attached to a delivery upon an actual completed contract of sale, is available only as against the vendee and persons claiming under him, other than *bona fide* purchasers without notice.

This view renders it unnecessary to examine that branch of the defense which rests upon the factor's act. The case falls literally within the provisions of the act, but it has been said in numerous cases that the first section of the act applies only when the shipment has been made with the consent of the owner, in the name of another person. There is no adjudicated case which rests upon that proposition, and it may be an open question whether under the circumstances of the present case the statute would not be a protection, but as the ground already discussed is sufficient to decide the case time will not be consumed in that inquiry.

The judgment should be affirmed.

All concur.

Judgment affirmed.