## EMMA WALKER, APPELLANT, *v.* THOMAS B. MITCHELL, RESPONDENT.

*Conditional sale of personal property — a bona fide purchaser from the vendee acquires no better title than he has.*

Where personal property is sold and delivered upon the condition that the title thereto shall remain in the vendor until the purchase-price has been fully paid, one purchasing the property from the vendee in good faith and without notice of the agreement acquires no better title thereto than his vendor had. (LEARNED, P. J., dissenting.)

APPEAL from a judgment of the County Court of Albany county, entered upon a nonsuit directed upon the trial.

The action was brought in a Justices' Court to replevy a team of horses sold by the plaintiff to one Hanna on condition that the title thereto should remain in the vendor until the purchase-price was fully paid. The defendant claimed to have purchased the team from Hanna in good faith and without notice of the plaintiff's title.

*J. D. Hallen,* for the appellant.

*J. W. Lansing,* for the respondent.

BOCKES, J.:

The evidence in this case tended to prove, and as it stands in the record did prove, that the sale of the oxen was conditional, that is, that the title should remain in the vendor until the purchase-price

was fully paid. The case is, therefore, brought directly within the decision in *Ballard* v. *Burgett* (40 N. Y., 314), overruling *Wait* v. *Green* (36 N. Y., 556). The decision in the former case received direct approval in *Austin* v. *Dye* (46 N. Y., 500), and in *Humeston* v. *Cherry* (23 Hun, 141) the doctrine of that case was declared to be the settled law of this State. (See, also, *Nash* v. *Weaver*, 23 Hun, 516.) To the same effect is the decision in *Cole* v. *Mann* (62 N. Y., 1), also in *Knowlson* v. *Sprong* (10 W. D., 81). The cases cited also further held (notably the leading one of *Ballard* v. *Burgett*) that a *bona fide* purchaser from the vendee obtains no better title than had the latter. The case of *Comer* v. *Cunningham* (77 N. Y., 391) lays down no new rule of law on this subject. Indeed, the doctrine of *Ballard* v. *Burgett* there receives entire sanction. (Page 399; see, also, 24 Alb. Law Jour., 363). On the authority of the decisions above referred to a new trial must be granted in this case.

Judgment reversed, new trial granted, costs to abide the event.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting):

The latest authority of the Court of Appeals on the vexed question as to the rights of third persons, in the case of what are usually (though not accurately) called conditional sales of personal property, is the case of *Comer* v. *Cunningham* (77 N. Y., 391). It is not necessary for us to attempt to reconcile or "distinguish" or to examine *Herrig* v. *Hoppock* (15 N. Y., 409); *Wait* v. *Green* (36 id., 556); *Ballard* v. *Burgett* (40 id., 314); *Austin* v. *Dye* (46 id., 500). It is enough to take the latest decision above cited.

There goods were sold in Georgia. By a statute of that State, which it was assumed entered into and became part of the contract, such goods "shall not be considered as the property of the buyer or the ownership given up until the same shall be fully paid for, although it (the goods) may have been delivered into the possession of the buyer."

This is substantially the agreement which the plaintiff claims was made in the present case. The court held in that case that under these terms of the contract the *delivery* was conditional, but the

*sale* present and absolute, and that after actual delivery a *bona fide* purchaser from the vendee obtained a good title.

The case of *Coman* v. *Lakey* (80 N. Y., 345) does not touch the question here involved. It seems to hold that the vendor of personal property has an equitable lien for the purchase-price, except against a *bona fide* purchaser.

Following *Comer* v. *Cunningham* we should affirm the judgment.

Judgment reversed, new trial granted, costs to abide event.