## JOHN H. HINTERMISTER, APPELLANT, *v.* WILLIAM F. LANE, RESPONDENT.

*Conditional sale — when a bona fide purchaser from the vendee acquires a good title.*

The plaintiff sold and delivered to one Mary Apgar an organ and stool, taking in payment therefor her two promissory notes for ninety dollars each, payable to him, or his order, one in one year and the other in two years from date, with interest. At the same time Mary Apgar executed a paper by which she acknowledged that she had leased the organ and stool from the plaintiff until the amount of the notes should be paid, from which time the notes were to be considered as a receipt in full for the instrument.

One of the notes was subsequently paid in full; the other, together with the lease was transferred before maturity, and for value, to one Davis, who thereafter recovered a judgment for a balance due thereon, upon which an execution was issued and a levy made upon the organ, but the proceedings were subsequently discontinued by Davis. Thereafter, the lease and the judgment and the note upon which it was recovered were re-assigned to the plaintiff. Prior to the recovery of the judgment Mary Apgar had sold the organ and stool to the defendant for a good and sufficient consideration.

In an action brought by the plaintiff to recover the organ and stool, upon the ground that the title thereto remained in him, and that he was entitled to retake the same upon the failure of Mary to pay the notes:

*Held,* that he was not entitled to recover.

*Comer* v. *Cunningham* (77 N. Y., 391) followed.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

This action was brought for an alleged conversion of a Swiss organ and stool. On the 17th day of November, 1876, the plaintiff, by a conditional sale, sold the organ in question to a Mrs. Apgar, at the agreed price of $180, for which sum the vendee gave her two negotiable promissory notes to the plaintiff, in the sum of ninety dollars each, payable, respectively, in one and two years from date, with interest. The organ was delivered to Mrs. Apgar at the time, who gave back to the plaintiff a writing, of which the following is a copy:

" Leased of J. H. Hintermister or order, a Swiss organ, No. 6 A, with stool, etc., until the amount of one hundred and eighty dollars, with annual use, is paid, and which lease is accompanied by two notes of same date, payable to J. H. Hintermister or order, and maturing, note No. 1 in one year, note No. 2 in two years, payable in monthly installments of five dollars, and on payment of said note at maturity the said note to be a receipt in full against said instrument.

" Dated GROTON, N. Y., *Nov.* 17, 1876.

" MARY APGAR."

Mrs. Apgar paid the first note in full. Within a few days after the notes were given, the plaintiff sold the second note to one Davis, and also the lease, so-called. Mrs. Apgar paid twenty-six dollars and fifty-three cents on the second note about the time it became due. Afterwards, and while the said Davis was yet the owner of this second note and the lease, he sued Mrs. Apgar on said note in the Justice's Court, and obtained a judgment against her for eighty-nine dollars and sixty-three cents, and caused an execution to be issued thereon, by virtue of which a levy was made upon said organ by Davis' order. The execution was uncollected, Davis having directed the proceedings to be discontinued, and afterwards the plaintiff bought back said note and lease and took an assignment of the judgment.

Prior to the recovery of the judgment, Mrs. Apgar had sold the organ in good faith to this defendant. Thereafter the plaintiff demanded the organ of the defendant, and, upon his refusal to

deliver it to him, he brought this action for the conversion of it, while the judgment remained in full force and effect against Mrs. Apgar, his original vendee.

*Hare & Stoddard*, for the appellant.

*R. H. Duell*, for the respondent.

LEARNED, P. J. :

The case of *Comer* v. *Cunningham* (77 N. Y., 391) sustains this judgment. It is not to be denied that the previous decisions as to the transactions which are, with some inaccuracy, called conditional sales of personal property are conflicting, at least in appearance. But in the opinion in that case, the most recent on the subject, they are examined and distinguished ; and the true rules are laid down, First, that where there is a sale and delivery, though as between the parties the delivery is conditional, a *bonâ fide* purchaser from the vendee obtains a good title; according to *Smith* v. *Lynes* (5 N. Y., 41) ; *Wait* v. *Green* (36 id., 556). Second, that where one has possession of personal property only as bailee, with a conditional agreement for purchase, he can give no title, until the condition be performed ; according to *Austin* v. *Dye* (46 N. Y., 500) ; *Ballard* v. *Burgett* (40 id., 314).

Now in the present case the plaintiff sold and delivered the organ to Mrs. Apgar. She gave for it two negotiable notes. One of these she paid ; the other was transferred by the plaintiff before the same was payable, and was partly paid by her. Thus Mrs. Apgar had paid, or was bound to pay, the purchase-price ; and that too whether the organ should be destroyed or not. She could have no defense against Davis, the assignee of the notes. The transaction was plainly an absolute purchase, with an attempt, by means of the so-called lease, to retain security on the organ for the purchase-price. This is not a case of the bailment of personal property with a privilege to the bailee to purchase. (See *Ballard* v. *Burgett*, at foot of page 315.) But it was an actual sale and delivery ; which always, "when consummated, transfers the title from the seller to the purchaser." In *Austin* v. *Dye* (*ut supra*), the oxen were actually leased at a dollar per day, with a privilege of pur-

chase. In the present case there was no real leasing, although there is an attempt by the word "leased" to give a meaning to the transaction, which it did not in fact have. The real intent of the parties was that Mrs. Apgar should purchase, and that the plaintiff should have security on the organ. The only legal way in which this could be done, as against a *bonâ fide* purchaser, was by a chattel mortgage duly filed.

Furthermore, if any doubt existed, the assignee of the note given by Mrs. Apgar sued her thereon, recovered judgment and levied the execution on the organ itself. Thus the assignee, under whom the plaintiff now claims by reassignment, has affirmed two things: first, that Mrs. Apgar owed for the purchase-price. That shows that she did make a purchase. Second, that the organ belonged to her, since he levied upon it. The recovery of judgment was conclusive on the fact that there was a good consideration for the note; and that consideration was the sale of the property. So that the transaction was a purchase and sale and an attempt to take security for the price.

The judgment should be affirmed, with costs.

BOCKES, J., dissented.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.