Daniels, J.
This action was brought to recover possession of a soda-water apparatus, which was designated as the “ Druggist’s Pride.” The plaintiff, by an instrument dated June 27, 1876, delivered it to A. W. Bell, for $1,152, accepting in part payment an old apparatus for which a credit was given of $452, the balance to be paid in installments, by several notes which were stated in the contract.
It was provided in the instrument, that, upon full payment of the several notes, all claim and title to the property on the part of the plaintiff should cease, and the whole title vest in the lessee as owner ; but that upon a breach, the possession of the property should terminate, and that the plaintiff might enter the premises where the property might be, and resume the possession of the same, without process of law and without let or hindrance from the lessee. The amount due upon the notes was stated to be $234.32, with interest, no part of which had been paid.
Mr. Bell sold the apparatus to Mr. Crawford, who paid the plaintiff $150 on account of the debt due upon it. Crawford sold it to William S. Schieffelin & Co., and they sold it to defendant, of all of which the plaintiff had notice. The defendant purchased the apparatus for a valuable consideration, and without any notice of any claim of title to it in the plaintiff. The delivery of the property by the plaintiff was not alone conditional, as it was in Comer v. Cunningham *392 (77 N. Y. 391), but the title itself was conditional on the final and complete payment to be made by the purchaser. The transaction was no more than a conditional sale, the title remaining in the plaintiff until complete payment should extinguish the condition. That never was made, and the default entitled1 the plaintiff to recover the possession of the property under the authority of Ballard v. Burgett (40 N. Y. 314) ; and Austin v. Dye (46 Id. 500).
The judgment should be reversed and a new trial ordered, with costs to abide the event.