ALVIN D. PUFFER, APPELLANT, *v.* WALTER F. REEVE, RESPONDENT.

*Conditional sale — right of the vendor to retake the property on a breach of the conditions.*

June 27, 1876, the plaintiff delivered to one Bell a soda-water apparatus, and received from him a written instrument by which Bell acknowledged that he had "hired, leased and received" the apparatus from the plaintiff for a term ending October 1, 1878, and by which he also promised and agreed to pay to the plaintiff or his assigns "for the possession and reasonable use thereof for said term the sum of $1,152 as rent; to be paid, old apparatus, $452; balance in the installments set forth in the several notes given by me therefor." The last of the notes fell due on June 1, 1878. The agreement provided that the property should not be removed, nor the interest of the lessee therein be transferred, without the written consent of the plaintiff. Upon the full payment of the several notes all claims and title to the said property on the part of the plaintiff were to cease and the whole title was to vest in the lessee as owner. Upon any breach of the provisions of the lease by the lessee the lease was to terminate and the plaintiff was to be entitled to retake the property.

*Held,* that the title to the property remained in the plaintiff, and that upon a failure of the lessee to comply with the terms of the instrument the plaintiff was entitled to recover the possession thereof, even from one who had purchased it from Bell for a valuable consideration and without notice of the agreement. (BRADY, J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered upon an order made at the trial dismissing the complaint upon the merits, and also from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the possession of a soda-water apparatus which had been delivered by the plaintiff to one Bell in June, 1876. Upon the receipt of the apparatus Bell executed an instrument which provided, among other things, as follows:

"Know all men by these presents, that I, A. W. Bell, 957 Fulton street, of Brooklyn, State of New York, have hired, leased and received of A. D. Puffer, of Boston, Commonwealth of Massachusetts, for the term, to wit: —— years, —— months, ending October 1, 1878, subject to the conditions herein stated, the following described goods and chattels: * * * And I do promise and agree with the said A. D. Puffer, his representatives and assigns, to pay him or them, for the possession and reasonable use thereof for said term, the sum of eleven hundred and fifty-two dollars, as rent, to be paid, old apparatus, four hundred and fifty-two dollars, balance in the installments set forth in the several notes given by me therefor, as follows: * * * And it provided that said property hereby leased is not to be removed from the premises where now located, No. 957 Fulton street, in said Brooklyn, N. Y. ; nor the interest of the lessee under this lease to be transferred without the consent of said A. D. Puffer, in writing, thereto first obtained. And it is further provided that, upon the full payment of the several notes aforesaid, all claim and title to said property on part of said Puffer shall cease, and the whole title shall vest in said lessee as owner. But upon any breach of the provisions of this lease, especially upon failure by the said lessee to pay the several notes, or either of them, as they become due and payable, then this lease, and any and all claim or right on the part of said lessee under the same, or to the further use and possession of said property, shall be thereby terminated, and the said A. D. Puffer may thereafter at any time enter the premises where said property may be and resume possession of the same without process of law or let or hindrance from the lessee; and such of the aforesaid notes as mature after said Puffer has resumed possession

of said property shall be taken and held to be void, and returned to the lessee upon demand."

Bell subsequently sold the apparatus to one Crawford, who thereafter sold it to W. H. Schieffelin & Co., who subsequently sold it to the defendant, who paid a valuable consideration therefor, and had no notice of any claim of title thereto on the part of the plaintiff. The notes given by Bell, the last of which fell due June 1, 1878, not having been paid, the plaintiff subsequently brought this action to recover the property.

*A. Steckler,* for the appellant.

*A. Simis, Jr.,* for the respondent.

DANIELS, J.:

The delivery of the property by the plaintiff was not alone conditional, as it was in *Comer* v. *Cunningham* (77 N. Y., 391), but the title itself was conditional on the final and complete payment to be made by the purchaser. The transaction was no more than a conditional sale, the title remaining in the plaintiff until complete payment should extinguish the condition. That never was made, and the default entitled the plaintiff to recover the possession of the property under the authority of *Ballard* v. *Burgett* (40 N. Y., 314) and *Austin* v. *Dye* (46 id., 500.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J.:

Upon the facts of this case, as shown by the evidence, there was no sale of the property with a conditional delivery, but an agreement to sell upon the performance of the conditions stipulated in the written instrument. The property meanwhile was to be held under the lease made between the parties, which entitled the lessee to possession and the right of use so long as he paid the stipulated installments of rent, but on default his right of possession and use was at once to terminate, with full power on the part of plaintiff to retake possession. This instrument was not in the nature of a mortgage or mere security for the payment of installments to fall due on a purchase, and need not, therefore, be filed as a mortgage. No title vested or could vest in the lessee till by the terms of the

contract, by payment of the rent, the contract was to terminate by a transfer of title at that time.

I think the case is within the authorities cited by Justice Daniels, and not those relied upon by the defendant's counsel. I think, therefore, that the judgment must be reversed, etc.

Brady, J. (dissenting):

This action was brought to recover possession of a soda-water apparatus which was designated as the "Druggist's Pride." The plaintiff by an instrument dated the 27th of June, 1876, delivered it to A. W. Bell for $1,152, accepting in part payment an old apparatus for which a credit was given of $452, the balance to be paid in installments by several notes which were stated in the contract.

It was provided in the instrument that upon full payment of the several notes all claim and title to the property on the part of the plaintiff should cease and the whole title vest in the lessee as owner; but upon a breach the possession of the property should terminate and that the plaintiff might enter the premises where the property might be and resume the possession of the same without process of law and without let or hindrance from the lessee. The amount due upon the notes was stated to be $234.32, with interest, no part of which had been paid. Mr. Bell sold the apparatus to Mr. Cranford, who paid the plaintiff $150 on account of the debt due upon it. Cranford sold it to William S. Schieffelin & Co., and they sold it to the defendant, of all of which the plaintiff had notice. The defendant purchased the apparatus for a valuable consideration and without any notice of any claim of title to it in the plaintiff.

The learned justice in the court below came to the conclusion that the legal rules applicable to the transactions between the different parties were enunciated in *Hintermister* v. *Lane* (27 Hun, 497) and the recent decision of the Court of Appeals in *Comer* v. *Cunningham* (77 N. Y., 391), and the cases cited in the opinion of the court in that case; and his judgment rests upon the proposition necessarily that this was a sale and purchase, and not a bailment of personal property with the privilege to the bailee to purchase. It cannot be distinguished from the case of *Hintermister* v. *Lane* (*supra*), in which a Swiss organ was leased, to be paid for by notes,

the payment of which at maturity was to be a receipt in full against the instrument; and upon the further proposition enunciated, as evolved from an examination of the cases in *Comer* v. *Cunningham* (*supra*), that where there is a sale and delivery, though the delivery between the parties is conditional, a *bona fide* purchaser from the vendee obtains a good title.

It will have been observed that there was no arrangement between the original parties for the sale and purchase of the apparatus, that the vendee or lessee should pay anything for the use of it. In *Austin* v. *Dye* (46 N. Y., 500), the principle of the decision, which seems to be in conflict with the views herein stated and those of Judge LAWRENCE, was that one having possession of personal property as bailee, with an executory and conditional agreement for its purchase, the condition not having been performed, could give no title to a purchaser, although the latter acted in good faith and parted with value without notice of a want of title. But, as said in *Comer* v. *Cunningham* (*supra*), in that case the vendee was to pay hire for the oxen until he should pay a specified sum, in a specified manner, in lumber, and then he was to become the owner. In this case it will have been observed, also, that the greater part of the sum agreed upon for the apparatus was paid, indeed, nearly half of it, at the time the contract was executed.

It is not necessary to examine any of the exceptions, for the reason that the judgment herein was pronounced upon the abstract proposition that there was a sale and delivery of the property under circumstances such as to shield an innocent purchaser without notice from any claim that might be asserted on the part of the plaintiff.

The views of Justice LAWRENCE are adopted and the judgment appealed from is affirmed, with costs.

Judgment reversed, new trial ordered, costs to abide event.