(28 Misc. Rep. 443.)

## VAN LEEUWEN v. FISH.

(City Court of New York, General Term.   June 29, 1899.)

**1. CONVERSION—TITLE—BURDEN OF PROOF.**
   In an action of conversion against the purchaser of goods without notice of any claim or lien held by plaintiff, the burden is on plaintiff to prove legal title to the property.

**2. CONDITIONAL SALES.**
   An innocent purchaser, without notice of a conditional sale of the goods to his vendor, is not bound by such sale, where not filed in the register's office, so as to be valid, under Act 1884, c. 315.

Appeal from trial term.

Action by Benjamin Van Leeuwen against John Fish. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before CONLAN, P. J., and SCHUCHMAN and HASCALL, JJ.

August P. Wagener, for appellant.

Wasserman & Jacobus, for respondent

HASCALL, J.   This is an appeal by the defendant from a judgment entered upon the verdict of a jury, and also from an order denying his motion for a new trial.   The cause of action, being for conversion, required that plaintiff, in order to succeed, was bound to prove ownership of the goods in question, and that title thereto remained in him. The goods, it seems, consisted of some 3,000 cigars, which had been sold or delivered by plaintiff to one Beyer, who then sold, by bill of sale, to defendant, without notice of any claim or lien.   Clearly, defendant was an outsider or stranger to the transaction, and plaintiff was bound, therefore, to prove legal title to the property; the burden was upon him to establish that fact.   Examination of the case and papers on appeal does not disclose sufficient evidence establishing title in plaintiff, identity nor possession in defendant, at the time when demand was made.   It is claimed that defendant was an innocent purchaser for value, and we think that error was committed upon the trial—First, in not dismissing the complaint because of failure on part of plaintiff to establish his case by a fair preponderance of evidence; second, because of error in allowing testimony immaterial, irrelevant, and not binding upon defendant.

The point is made that the alleged agreement between plaintiff and Beyer was void, as against the defendant, under statute of frauds or conditional sales (Act 1884, c. 315).   If this contention be successful, it follows that the law, although repealed in 1897, was applicable to plaintiff's agreement in the year 1893; and plaintiff was bound to show a conditional sale, and the filing of the paper as provided by that law, if he desired protection thereunder.   It follows that defendant, an innocent purchaser, without notice, actual or otherwise, of a conditional sale between plaintiff and Beyer, was not bound by such matter, unless filed in the register's office.   The evidence does not

disclose, and no claim is made, that plaintiff complied with the act, and therefore we think that, so far as defendant is concerned, the agreement between plaintiff and Beyer was void, and defendant, a purchaser in good faith, without notice, obtained a good title (Comer v. Cunningham, 77 N. Y. 391), and was entitled to a dismissal of the complaint.

Without considering the numerous charges of the appellant concerning alleged errors of the learned court below in charging the jury, we pass on to say that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to abide the event. All concur.