William A. Mulry
vs.            } No.
Herbert A. Grinnell

October 14, 1926

BLODGETT, J. Heard jury trial waived.

Action of replevin to recover possession of an automobile. Plaintiff seeks to recover possession from defendant of a Jewett Coach.

Defendant purchased same from one Edward F. Diamond, in Newport, and paid Diamond the purchase price in cash. Diamond was the agent in Newport for the sale of Jewett cars. Diamond went to Providence and purchased said car from the plaintiff, who held the agency for the sale of Jewett cars there. Diamond gave plaintiff his personal check for said car which was returned to plaintiff by the bank unpaid because of insufficient funds to Diamond's credit in such bank. Upon payment by Grinnell to Diamond the car in question was delivered to Grinnell, and was in his possession when taken by the sheriff in this action.

Plaintiff bases his right of recovery upon the theory that no title passed to Diamond by reason of the failure of Diamond to pay for the same, and by the fraudulent act of said Diamond in giving a bad check in payment thereof.

There is no question as to Grinnell being an innocent purchaser for value. There is no evidence of any collusion between Diamond and Grinnell to defraud Mulry.

Diamond was the recognized agent for the sale of Jewett cars in Newport, had this car in his possession, sold same to Grinnell in the ordinary course of business and received the full purchase price for the same.

In the case of Hassett Hodge v. Cooper, 20 R. I. 585, an action of trover, plaintiff sought to recover judgment against defendant for the conversion of certain carriages by defendant, sold to defendant under an agreement that title in said carriages should not pass to defendant until same were paid for in full.

The facts were that Cooper sold said carriages and received the payment therefor before the plaintiffs were paid in full. In this case the Court of Common Pleas charged the jury that the defendant was guilty of trover and conversion in selling such goods without first obtaining the approval of plaintiffs in accordance with such agreement. The exception of defendant to this ruling was sustained and the case remitted for a new trial. In this case the ruling is based upon the principle that, to show a wrongful conversion by one who buys for the purpose of sale and sells in the open market before paying the seller as agreed, the original seller must show that the buyer intended at the time of the original purchase not to pay for the same.

In the case of Stoneman Grossman vs. John H. Lyons, 24 R. I. 539, the District Court ruled that trover and conversion would not lie against a consignee of goods who sold same without payment to the consignor unless a preconceived design on the part of consignee to obtain the goods and not pay for them was shown. The present case is analogous provided there was no intent on the part of Diamond not to pay for the Jewett Coach. This is a question of fact to be determined by the evidence.

The relations of the parties, both dealers in the same make of automobiles was natural. They had had similar dealings before. It is a fair presumption that Mulry knew, from the relations of the parties, that Diamond bought this car for the purpose of

selling same. Mulry made an unconditional delivery of the car to Diamond.

In Comer v. Cunningham, (1879), 77 N. Y. 391, 33 Am. Rep. 626, where a check given as payment for a quantity of cotton sold for cash was dishonored upon being presented for payment, the title was held to have passed as to a subsequent bona-fide assignee of a bill of lading of the cotton, which the maker of the check had had issued to him after receiving the cotton, the assignee having paid value and being without notice. The rule is here declared: "Where goods are sold, to be paid for in cash or by notes on delivery, if delivery is made without demand of the notes or cash, the presumption is that the condition is waived, and a complete title vests in the purchaser; but this presumption may be rebutted by proof of acts or declarations and circumstances showing an intention that the delivery shall not be considered complete until performance of the condition, and the question of intention is one of fact. But after actual delivery, although, as between the parties to the sale, such delivery be conditional, a bona-fide purchaser from the vendee obtains a perfect title."

In Johnson-Brinkman Commission Co. vs. Central Bank (1893), 116 Mo. 558, 38 Am. St. Rep. 615, 22 S. W. 813, it was held that while the evidence showed conclusively that there was no intention on the part of the seller to waive cash payment for a car of wheat, yet it was guilty of laches in permitting it to be shipped from the place of sale and in delivering its bill of lading to the buyer, and hence it would be estopped from claiming the wheat, or the proceeds arising from the sale thereof, in the hands of an innocent holder without notice. But, the sale of the wheat being a cash sale, if the subsequent purchaser knew that the purchase money therefore had not been paid by

the buyer, recovery could be had in behalf of the original seller. This question the court held was one of fact to be decided by the jury in the circumstances.

In Hide & Leather Nat. Bank v. West (1885), 20 Ill. App. 61, where the buyer's check was accepted as payment for grain in a warehouse, and the warehouse receipts delivered, which the buyer upon the same day transferred to a bank as a security for an overdraft, the bank crediting the account of the buyer with the amount of a draft upon New York to which the warehouse receipt was attached as collateral, it was held to stand in the relation of bona fide purchaser for value, and hence not liable to the original seller, who did not receive payment, owing to the dishonor of the buyer's check when presented for payment the day following the delivery of the warehouse receipts to him. The court pointed out: "There was no evidence tending to show that before or at the time of taking the assignment of said receipts, the bank or any of its officers or agents had any notice of how, or from whom, Dickinson & Company, who were a business house in good credit, had obtained them. Nor did the evidence tend to show any circumstances sufficient to put them upon inquiry, as to the title of Dickinson & Company to said receipts."

In Western Union Cold Storage Co. v. Bankers' Nat. Bank (1898), 176 Ill. 260, 52 N. E. 30, a seller of articles for cash, in payment for which he accepted a draft on the consignee of the goods, was held not entitled to protection as against a bank extending credit on the bill of lading executed to the buyer. The court said that "when a bona fide purchaser for value, for consideration, without notice, requires the possession of property from one who has trusted to the personal security of another, the rule is that such bona fide purchaser is

protected, since where one of two innocent persons must suffer for the fraud of a third party, the loss should fall on him who, by his imprudence, enabled such third person to commit the fraud."

From a consideration of the record, and of the decisions in Rhode Island and other States bearing upon somewhat analogous facts, the court is of the opinion that Mulry sold and delivered the car in question to Diamond unconditionally; that he had it in his power to withhold delivery until he had received cash; that in the sale by one dealer of automobiles to another of the car in which both dealt, unless a contrary intention be expressed, that the seller knows the same to be sold for the purpose of resale; that the plaintiff has not satisfied the court that at the time Diamond purchased the car he (Diamond) had no intention of paying for the same; that the car in question was sold for the purpose of a resale in the ordinary course of trade; that Grinnell bought the car from Diamond in the ordinary course of trade in the open market without any notice of the relations existing between Mulry and Diamond, and that Diamond was a recognized agent for sale of said cars in Newport; that the car was sold to Grinnell by Diamond in Newport.

The court is further of the opinion that under the circumstances disclosed in the present case an innocent purchaser for value should be protected, and that in purchase of a new automobile from a recognized dealer in the particular make of car, in the absence of any evidence that would put such purchaser on his guard as to the title of such car in the hands of such dealer, a purchaser is entitled to assume that such dealer has good right to sell and deliver such car, and obtain a good title under such sale.

Decision for defendant for return and restoration.