McEntee *et al.* v. Scott.

*Sale — personal property — conditional sale — title.*

It was agreed by parol, between the vendor and purchaser of certain machinery, that the title thereto should remain in the vendors until it was paid for. A note was given for the purchase-price. *Held,* that the agreement was valid, and that the title remained in the vendors, notwithstanding the giving of the note, and that they could not be divested of it by a transfer of the real estate upon which the machinery was located.

Action to recover for an alleged conversion of a portable steam engine, boiler, rubbing bed, pulleys, shafting and other apparatus connected with the engine. The plaintiff had a verdict; the entry of judgment was stayed and the exceptions were ordered to be first heard at general term.

The evidence for the plaintiffs tended to show that about March 1st, 1870, one Dillon sold to one Smith, who was engaged in the business of marbleizing mantels at Rondout, the property in question upon the condition that the title should remain in Dillon until paid for. Subsequently Smith gave a note for a part of the purchase-money signed by himself and one Bailey, but the note was never paid. On the 28th of September, 1870, Dillon transferred to the plaintiffs the title to the said property and all rights and causes of action for the conversion of the same.

The evidence for the defendant tended to prove that on the 4th of February, 1870, the said Smith made a contract with one Bush for the purchase of the real estate in which he carried on his business, which contract, on the same day, he assigned to the defendant.

Smith continued in possession of the real estate till July, when defendant received a deed of it, and entered into possession, and claimed the machinery in question.

At the close of the evidence the court held that the plaintiffs were entitled to recover, and that the only question for the jury was the question of damages.

*T. R. Westbrook*, for defendant.

*A. Schoonmaker, Jr.*, for plaintiff.

MILLER, P. J. The evidence in the case shows a contract between the parties by which the title to the machinery in question was to remain in the vendors until the whole price was paid. The vendors continued the owners of the property under this agreement, and no transfer of the same, and the real estate upon which it was located, could divest them of the title. See *Austin* v. *Dye*, 46 N. Y. 500; *Sheldon* v. *Edwards*, 35 id. 279; *Godard* v. *Gould*, 14 Barb. 663.

That parties may lawfully enter into such an agreement, and that when made, the title remains in the vendor until the purchase price is paid; and that the agreement prevents it from becoming any thing but personal property is established by numerous authorities.

*Voorhees* v. *McGinnis*, 48 N. Y. 278, is not, in any way, in conflict with the principles stated; for it will be seen that the decision that the boilers, etc., were fixtures, was based upon general principles, which were held applicable, unless *there was no specific agreement to the contrary*, or some circumstances controlling the general rule; that the boilers, engines, etc., became a part of the realty, and passed to the plaintiff upon his purchase. See pp. 286, 287.

The testimony being uncontradicted as to the parol agreement, although a note was given for the purchase-money, there was no question for the jury to pass upon, and no error in the refusal of the judge to submit the question raised to their consideration.

·The offer to prove the understanding between Scott and Smith, as to the conditions upon which he, Scott, advanced money, could not affect the plaintiff's rights. So, also, the proof offered as to the entries made by Bailey in the books are not shown to be material.

There was no error, and judgment should be ordered on the verdict for plaintiff, with costs.

*Judgment ordered on the verdict.*