## SCOFIELD *v.* VALENTINI *et al.*

*(Common Pleas of New York City and County, General Term.   June 6, 1892.)*

REPLEVIN—PLEADING—WRONGFUL DETENTION.

> A complaint to recover certain chattels alleged that they were leased by plaintiff to defendant H., with an express covenant entitling plaintiff to possession on default in payment of rent, and that there had been such default; that the chattels were transferred by H. to defendant V. without plaintiff's knowledge and consent; and that demand for their return had been refused. *Held*, that the complaint stated a cause of action against both defendants, under Code Civil Proc. § 1721, requiring a statement of "the facts showing that the detention was wrongful."

Appeal from special term.

Action by Cyrus Scofield against Cecilia Valentini and Carrie E. Harris to recover possession of chattels. From an interlocutory judgment sustaining the demurrer of defendant Valentini, plaintiff appeals.   Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Wm. G. McCrea*, (*Thomas J. Rush*, of counsel,) for appellant.   *Straley, Hasbrouck & Schloeder*, (*Louis Hasbrouck*, of counsel,) for respondent.

DALY, C. J.   The complaint sets forth (1) the leasing of the chattels to the defendant Harris by different leases, under which stipulated sums were to be paid weekly and monthly for the use thereof, with an agreement that the leases should cease, and the plaintiff should be entitled to possession of the chattels, if default were made in any of the payments, and that the chattels should not be underlet without the written consent of the plaintiff; (2) a transfer of the chattels by defendant Harris, without plaintiff's knowledge or consent, to defendant Valentini, who was in possession thereof when the action was commenced; (3) failure of defendants to comply with the terms of the lease, by omitting to make the payments therein required, and that by reason thereof plaintiff became and is entitled to a return of the goods; (4) demand upon defendant for such return, and refusal thereof, before the commencement of the action.   The facts stated are sufficient to constitute a cause of action against both defendants.   The learned counsel for the defendants would treat the complaint as basing the plaintiff's right to reclaim the chattels upon the breach of the covenant against underletting, and argues that, as the complaint does not allege an agreement for the return of the goods upon breach of such covenant, no cause of action is stated.   But the complaint alleges an express covenant, entitling plaintiff to possession of the chattels in case of default in payment of rent; and as it is averred that default has been made in such payment by both defendants, and that demand has been made for a return of the property, the complaint sets forth a perfect cause of action against the defendant Valentini for a wrongful detention of the chattels, and "the facts showing that the detention was wrongful," as required by Code, § 1721.   It is immaterial whether the defendant Valentini knew of the lease from plaintiff to the defendant Harris when she took from the latter a transfer of the chattels.   She took them subject to all the conditions of that lease, because she could get no better title by the transfer than that possessed by the lessee.   *Austin* v. *Dye*, 46 N. Y. 500; *Ballard* v. *Burgett*, 40 N. Y. 314. When, therefore, default was made in the payment of the rent reserved in the lease, the plaintiff became entitled to the possession of the property; and, though the defendant Valentini had received it in good faith, her detention thereof after demand was wrongful.   All the facts necessary to sustain the action against her are set forth in the complaint, and the demurrer should have been overruled.   Interlocutory judgment reversed, and judgment overruling demurrer ordered for plaintiff, with leave to answer in 20 days.   Costs of demurrer and of appeals to plaintiff.   All concur.