HIRSCH LUMBER CO. v. HUBBELL.

(Supreme Court, Appellate Division, First Department.   March 10, 1911.)

1. SALES (§ 196*)—CASH PAYMENT—WAIVER.
    Cash payment for lumber sold was waived by the seller's failure to de-
    mand it for several weeks after delivery.
    [Ed. Note.—For other cases, see Sales. Cent. Dig. § 510;  Dec. Dig. §
    196.*]

2. SALES (§ 202*)—CASH SALES—PASSING OF TITLE.
    A seller for cash need not deliver before payment;  but, if he does,
    title passes, and the goods cannot be recovered for nonpayment unless
    they are obtained through fraud.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 542–551;  Dec. Dig.
    § 202.*]

3. SALES (§ 202*)—PASSING OF TITLE—INSOLVENCY OF BUYER—EFFECT.
    That a buyer was insolvent at delivery, or afterwards made an assign-
    ment for creditors, does not affect its title to lumber delivered under
    waiver of cash payment, if the buyer did not know of such insolvency.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 542–551;  Dec. Dig.
    § 202.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SALES (§ 52*)—INSOLVENCY OF BUYER—EVIDENCE—WEIGHT.
   Evidence *held* insufficient to show insolvency of a buyer of lumber at
delivery or, if insolvent, its knowledge thereof.
   [Ed. Note.—For other cases, see Sales, Dec. Dig. §.52.*]

5. SALES (§ 45*)—INSOLVENCY OF BUYER—EFFECT.
   Mere undisclosed insolvency of a buyer does not impute fraud to him;
intent not to pay when buying being essential.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 94; Dec. Dig. §
45.*]

Appeal from Special Term, New York County.

Action by the Hirsch Lumber Company against Charles B. Hubbell,
assignee. Judgment for plaintiff, and defendant appeals. Reversed
and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
LAUGHLIN, and MILLER, JJ.

Joseph M. Hartfield, for appellant.

Ralph James M. Bullowa, for respondent.

McLAUGHLIN, J. On the 7th of October, 1906, the plaintiff's
assignor, Charles S. Hirsch & Co., sold to the firm of Cadenas & Coe,
the defendant's assignor, a quantity of lumber at a stipulated price;
delivery to be made as thereafter directed, and payment to be made
in cash on delivery. The lumber was delivered to Cadenas & Coe on
the 22d of January, 1907, on board the bark Maria L., a boat privately
chartered by such firm and receiving freight from no other source. On
the 15th of February, 1907, Cadenas & Coe made a general assignment
for the benefit of creditors to the defendant, Hubbell, who thereafter
sold the lumber and received therefor the sum of $690.92. Some time
after the delivery of the lumber to Cadenas & Coe, Hirsch & Co. as-
signed its claim therefor to the plaintiff, who brought this action in
equity for the purpose of procuring a judgment to the effect that Hub-
bell, as assignee, was a trustee for the plaintiff of the lumber in ques-
tion, and that he be decreed to account for and pay over to the plaintiff
the proceeds derived from the sale made by him. The judgment
sought is based upon allegations in the complaint to the effect that
under the terms of sale the plaintiff's assignor was to be paid cash
when the lumber was delivered, and that at that time the defendant's
assignor was insolvent, which fact was known to it, but fraudulently
concealed from plaintiff's assignor. The answer denied the material
allegations of the complaint except as to the delivery of the lumber,
the sale by the defendant, and the proceeds derived therefrom. It
also set up certain affirmative defenses. The trial court found in favor
of the plaintiff and directed judgment in its favor against the defend-
ant for the sum of $690.92, with interest from March 1, 1907. It also
found that the firm of Cadenas & Coe was insolvent on the day the
lumber was delivered, but did not find that that fact was known to
such firm, or that the same was fraudulently concealed from plaintiff's
assignor.

Considering the evidence in the most favorable view to the plaintiff,
I do not think it was entitled to judgment. If it be true, as claimed,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the lumber was to be paid for in cash on delivery, or "cash against documents," the plaintiff's assignor waived such condition. No demand was made for the payment of cash when the lumber was delivered, or when bills were rendered for it; indeed, no such demand was made until March 1, 1907, at which time the assignee of Cadenas & Coe had sold the lumber.

The rule was settled as far back as Chapman v. Lathrop, 6 Cow. 110, 16 Am. Dec. 433, that:

"Where goods are sold for cash, the vendor need not deliver them until the cash is paid; but, if he deliver them without payment, the property passes, and, if the vendee afterwards refuses to pay, the vendor cannot maintain trover for the goods, unless they are obtained by the fraudulent contrivance of the vendee."

. This case has been since followed and many times cited with approval. Thus in Smith v. Lynes, 5 N. Y. 41, it was said:

"Where goods are sold on condition of being paid for on delivery in cash or commercial paper, or on condition of receiving on delivering security for payment, an absolute and unconditional delivery of the goods by the vendor without exacting, at the time of delivery, a performance of the condition or attaching any other condition to the delivery, is a waiver of the condition of the sale, and a complete title passes to the purchaser, if there is no fraudulent contrivance on the part of the latter to obtain possession. * * * An absolute and unconditional delivery is regarded as a waiver of the condition. By an absolute delivery, without exacting the performance of the condition, the vendor is presumed to have abandoned the security he had provided for the payment of the purchase money and to have elected to trust to the personal security of the vendee."

And to the same effect are Osborn v. Gantz, 60 N. Y. 540, and Parker v. Baxter, 86 N. Y. 586.

Here, the lumber was delivered unconditionally. No evidence whatever was offered showing, or tending to show, either by acts or declarations of the parties, that the delivery should be considered otherwise than as complete. Bills were thereafter delivered for the lumber. Some 20-odd days elapsed between the delivery of the goods and the assignment to the defendant and no demand had been made for cash. Nor was any demand made until 15 days after the assignment. The truth is the firm of Cadenas & Coe was considered solvent, and for that reason plaintiff's assignor was perfectly willing to deliver the lumber and waived the condition that cash was to be paid on delivery. The fact that Cadenas & Coe thereafter made a general assignment for the benefit of creditors, or that it was insolvent on the day the delivery was made, unless such insolvency was known to it and fraudulently concealed, in no way changed the situation. The finding that it was insolvent on the day that the lumber was delivered is not sustained by the evidence, because the fact is uncontradicted that it was forced to assign some time thereafter, not because it did not have assets sufficient to pay its debts, but because of failure to collect from its creditors bills which they owed. But, if insolvent, there is no evidence that that fact was known to it.

It seems to be settled that the mere fact of insolvency, though known to the vendee, and not disclosed to the vendor, does not afford ground for imputing fraud to the former. "There must have been the intent;

when the property was purchased, not to pay for it." Wheeler & Wilson Co. v. Keeler, 65 Hun, 508, 20 N. Y. Supp. 388; Hotchkin v. Third Nat. Bank of Malone, 127 N. Y. 329, 27 N. E. 1050.

Several other grounds are urged as calling for a reversal of the judgment; but we have not considered them, preferring to place our decision upon the ground that from the record as it comes to us the title to the lumber passed by delivery to the defendant's assignor.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.