MAXHERMAN CO., INC., Plaintiff, *v.* ISAAC ALPER and PAUL ALPER, Copartners Doing Business as ALPER BROS., Defendants.

City Court of the City of New York, April, 1923.

Sales — action against third party to recover value of goods sold by plaintiff — complaint — allegation that payment was to be made on delivery — purchaser neglected to pay but sold goods to defendants — no notice to defendants of defect in title — when complaint dismissed.

Both under the common law and the Sales Act (Pers. Prop. Law, § 99, and § 100, rule 4, subd. 2) notwithstanding that delivery and payment are to be concurrent, the seller of goods by parting with possession without securing payment, is pre-

sumed, at least as to third persons, to have unconditionally appropriated the goods to the contract and to have passed the title to the buyer.

A complaint in the common form sufficiently stated a cause of action for the recovery of the agreed price or the reasonable value of goods sold and delivered by plaintiff to defendants. The plaintiff in its bills of particulars expressly disclaiming any express contract of sale with defendants, after stating that the action was brought on the theory of *quasi* contract, alleged that plaintiff sold the goods to two persons named Triestman who agreed to pay cash on delivery; that although the goods were delivered, the Triestmans refused to comply with plaintiff's demand for payment and refused to return the goods. It was further alleged that thereafter the Triestmans sold the goods to defendants who refused to return them to plaintiff after demand. The theory of the action was that as the Triestmans never obtained title to the goods they could transfer none to the defendants; that defendants having refused to return the goods became liable in trover for their conversion and that plaintiff had the right to waive the tort and sue in assumpsit for the reasonable value of the goods. *Held*, that the facts disclosed by the bills of particulars were insufficient as they stood to show lack of title in the Triestmans.

Under the complaint amplified by the bills of particulars the presumption arose that the title to the goods passed to the Triestmans upon delivery to them, particularly in view of the pleading which states that no demand upon them was made for the return of the goods but solely a demand for payment.

In the absence of an allegation negativing such presumption evidence showing a contrary intention would be inadmissible upon the trial, and there being no facts stated which in any wise rebutted the legal presumption of lawful title in the Triestmans, defendants' title secured through the Triestmans was unassailable under the complaint as framed, and a motion to dismiss the same will be granted with leave to serve an amended complaint.

Even conceding that plaintiff's delivery to the Triestmans was conditional, defendants were entitled to protection as *bona fide* purchasers without notice both under the common law and under section 61 of the Personal Property Law.

Motion to dismiss complaint.

*Benedict & Stricker*, for plaintiff.

*H. & J. J. Lesser*, for defendants.

Callahan, J. Motion for judgment dismissing the complaint on the ground that the same, as amplified by bills of particulars, does not state a cause of action. The complaint is in common form for goods sold and delivered by plaintiff to defendants and on the face thereof sufficiently states a cause of action for the agreed price or reasonable value of the goods. Plaintiff in its bills of particulars, however, expressly disclaims any express contract of sale with defendants, stating its theory to be that the action is on a *quasi* contract on the following alleged facts: That plaintiff sold the goods in suit to two persons named Triestman, who agreed to pay cash therefor on delivery; that said Triestmans refused to pay although the goods were delivered, and refused to return the goods although plaintiff demanded payment. Plaintiff further alleges that

thereupon the Triestmans sold the goods to the defendants and that defendants have refused to return the goods to the plaintiff after demand, plaintiff's theory being that as the Triestmans never obtained title to the goods they could convey none to the defendants; that defendants having refused to return the goods under such circumstances became liable in trover for the conversion thereof and that plaintiff had the right to and does waive the tort and now seeks to hold the defendants in assumpsit for the reasonable value of the same. The defendants' position might be correct if the bills of particulars did not show such a state of facts as to prevent plaintiff from suing in the present form of action. In other words, the facts disclosed by the bills of particulars are insufficient as they stand to show a lack of title in the Triestmans. Plaintiff relies on the common-law authority that, as between the parties at least, where a sale of personal property is made on condition that the stipulated price shall be paid on delivery, title to the goods does not pass to the vendee until payment, unless the vendor waives the condition. *Empire State T. F. Co.* v. *Grant*, 114 N. Y. 40. Even at common law, however, if there be an absolute delivery of the goods by the vendor, without exacting a performance of the condition at the time of the delivery, or attaching any new condition to the delivery, the presumption would be that the condition of the sale was waived and a complete title passed to the vendee. *Smith* v. *Lynes*, 5 N. Y. 41; *Comer* v. *Cunningham*, 77 id. 391; *Hirsch Lumber Co.* v. *Hubbell*, 143 App. Div. 317. This presumption might be rebutted by proof of acts or declarations and circumstances showing that it was intended that delivery should not be considered complete until the performance of the condition, and the question of intention was one of fact. Cases *supra*. The Personal Property Law (Laws of 1909, chap. 45) continues the common-law rule that the question of when property passes is one of intention (§ 99), but sets forth certain rules with respect thereto. One of these provides (§ 100, rule 4, subd. 2): "Where, in pursuance of a contract to sell, the seller delivers the goods to the buyer * * * he is presumed to have unconditionally appropriated the goods to the contract." Certain exceptions, not here applicable, are then enumerated. The section proceeds to state that "This presumption is applicable, although by the terms of the contract the buyer is to pay the price before receiving delivery of the goods, and the goods are marked with the words 'collect on delivery' or their equivalents." It appears, therefore, that both under the common law and the Sales Act, notwithstanding the fact that delivery and payment are to be concurrent, the seller, by parting with possession without securing payment, is presumed, at least

as to third persons, to have unconditionally appropriated the goods to the contract and to have passed title thereto to the buyer. Consequently, under the present plea, as amplified by the bills of particulars, it would seem that the presumption arose that the title to the goods passed to the Triestmans at the time of delivery to them, particularly in view of the pleading which states no demand for the return of the goods upon them but solely a demand for payment. In the absence of an allegation negativing this presumption, the court could not permit, upon a trial, evidence showing a contrary intention. Nor will it be assumed, in the absence of plea to that effect, that the vendees obtained the goods by fraudulent contrivance. In other words, there is no fact stated that in any wise rebuts the legal presumption of lawful title in the vendees (Triestmans), although there are some legal conclusions to that effect set forth, and, therefore, as defendants secured their title through persons presumed to have good title, defendants' title is unassailable under the complaint as framed. Even though it be conceded that plaintiff's delivery to the Triestmans was conditional, the defendants would be entitled to protection as *bona fide* purchasers without notice, both under the common law (*Smith* v. *Lynes, supra; Comer* v. *Cunningham, supra*) and under the present statute (Pers. Prop. Law, § 61), which provides that any sale to subsequent purchasers in good faith shall be deemed absolute unless the contract of sale to the original vendee is filed as therein provided. No attack on the *bona fides* of the defendants appears in plaintiff's pleading. Motion granted, with ten dollars costs, with leave to plaintiff, if so advised, to serve an amended complaint within six days after service of a copy of the order to be entered thereon, with notice of entry thereof.

Ordered accordingly.